GENEVA NAT. BANK OF GENEVA, N. Y., *v.* INDEPENDENT SCHOOL-DIST.
OF RIVERSIDE.

*(Circuit Court, N. D. Iowa, W. D.   October Term, 1885.)*

ESTOPPEL—ADJUDICATION BETWEEN SAME PARTIES IN FORMER SUIT—RULE.
    Where a second action between the same parties is upon a claim or demand different from that involved in the first action, the judgment in such first action operates as an estoppel only to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered.

At Law.
*Berryhill & Henry,* for plaintiff.
*S. M. Marsh, O. J. Taylor,* and *J. H. Swan,* for defendant.

SHIRAS, J.   In this action plaintiff seeks to recover judgment for the amount of certain interest coupons, taken from bonds purporting to have been issued by the defendant corporation in the years 1877 and 1878. On behalf of the defendant it is averred that the bonds from which the coupons were detached are void, because the issuance thereof was not authorized by the electors of the district as required by law; that when issued the district was indebted to an amount exceeding 5 per cent. of the taxable property in the district, and that

therefore the bonds were illegal and void under the provisions of section 3 of article 11 of the constitution of the state of Iowa, and also according to the provisions of the statutes of Iowa, under which the bonds were issued, which limits the amount of indebtedness to 5 per cent. of the taxable property of the district. In reply plaintiff avers that the recitals in the bonds estop the defendant from setting up these defenses; and, further, that all defenses to the validity of these coupons have been adjudged against the defendant in a prior action, brought by plaintiff against defendant in the United States circuit court for the district of Iowa, upon certain earlier maturing coupons attached to the same bonds, and in which suit the defendant contested the validity of the bonds, and denied liability thereon.

The evidence shows that plaintiff is the owner of the coupons sued on, and of the bonds from which they were detached, and became the owner thereof before maturity, for value, and having only such knowledge of the facts touching said bonds as is to be derived from the bonds themselves, and from the constitution and laws of the state of Iowa. The evidence also shows that, at the several times when the bonds in suit were issued, the Independent District of Riverside was then indebted in amounts exceeding the limit fixed by the constitution, to-wit, 5 per cent. upon the taxable property of the district. The evidence also discloses the fact that, at the October term, 1881, of the United States circuit court for the district of Iowa, the present plaintiff brought an action against the defendant upon the interest coupons maturing in 1879, 1880, and 1881, belonging to the identical bonds from which the coupons included in the present suit were detached. In that action the Independent School-district of Riverside, as defendant, pleaded that the bonds in question were illegal for the reason that at the date thereof the school-district was already indebted to the full limit of 5 per cent. upon the taxable property of the district, and hence the bonds were issued in violation of the provisions of the constitution of the state of Iowa. The record shows that the cause was tried before a jury, and that there was a verdict and judgment for the plaintiff. On behalf of plaintiff it is claimed that, under the doctrine announced in *Beloit* v. *Morgan*, 7 Wall. 619, this judgment estops the defendant from contesting the validity of the bonds in the present action.

In the case of *Beloit* v. *Morgan*, this question came before the supreme court in the following form: The town of Beloit, Wisconsin, issued certain bonds in aid of the construction of a railroad. Morgan brought suit to recover the unpaid interest on part of these bonds, and, in January, 1861, obtained judgment therefor. He then brought a second action upon other of the bonds belonging to the same issue, and thereupon the town of Beloit filed a bill in equity to enjoin the proceedings at law, and to compel the cancellation of the bonds, on the ground that the issuance thereof was illegal and the bonds void. Morgan set up, as an answer to the bill, the judgment obtained in

January, 1861, as an estoppel upon the right of the town to question the validity of the bonds involved in the second action. Mr. Justice SWAYNE, delivering the opinion of the court, ruled as follows:

"On the ninth of January, 1861, the appellee recovered a judgment at law against the appellant upon another portion of these securities, though not the same with those in question in this case. The parties were identical, and the title involved was the same. All the objections taken in this case might have been taken in that. The judgment of the court could have been invoked upon each of them; and, if it were adverse to the appellant, he might have brought the decision here by a writ of error for review. The court had full jurisdiction over the parties and the subject. Under such circumstances, a judgment is conclusive, not only as to the *res* of that case, but as to all further litigation between the same parties touching the same subject-matter, though the *res* itself may be different. * * * But the principle reaches further. It extends, not only to the questions of fact and of law which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented."

In *Cromwell* v. *Sac Co.*, 94 U. S. 351, the same question arose upon the following facts: Sac county, Iowa, issued negotiable bonds to the amount of $10,000, ostensibly for the erection of a court-house. In fact, the issuance of the bonds was fraudulent. Cromwell became the owner of a part of the bonds, paying value therefor before maturity. The interest coupons not being paid, an action thereon was brought against the county in the name of one Samuel C. Smith, though really for the benefit of Cromwell. In this action it was shown that the bonds were, as against the county, fraudulent and without consideration, and it not being shown that Smith was an innocent holder for value, judgment was rendered for defendant. Subsequently, Cromwell brought an action on four of the bonds against the county, and in defense to this action the county pleaded, in estoppel, the judgment in the former action upon the coupons. Mr. Justice FIELD, speaking for the court, held that—

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties, and those in priority with them, not only as to every matter which was offered and received to maintain or defeat the claim or demand, but as to any admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered,—such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action,

but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action. * * * It is not believed that there are any cases going to the extent that because in the prior action a different question from that actually determined might have arisen and been litigated, therefore such possible question is to be considered as excluded from consideration in the second action between the same parties, on a different demand, although loose remarks looking in that direction may be found in some opinions. On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action. Various considerations other than the actual merits may govern a party in bringing forward grounds of recovery or defense in one action which may not exist in another action upon a different demand,—such as the smallness of the amount or value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of litigation, and his own situation at the time. A party acting upon considerations like these *ought not to be precluded from contesting, in a subsequent action, other demands arising out of the same transaction.*"

Applying these principles to the facts of the case in question, the court held that in the case brought in the name of Smith upon the coupons it must be considered that the matters adjudged were—

"That the bonds were void as against the county in the hands of parties who did not acquire them before maturity and give value for them, and that the plaintiff, not having proved that he gave such value, was not entitled to recover upon the coupons. Whatever illegality or fraud there was in the issue and delivery to the contractor of the bonds affected equally the coupons for interest attached to them. The finding and judgment upon the invalidity of the bonds, as against the county, must be held to estop the plaintiff here from averring to the contrary."

It was further held that the finding that the plaintiff was not an innocent holder for value of the coupons included in the first suit did not preclude him from showing that he was such holder of the bonds and coupons included in the second suit. In effect, the court held that the finding in the first case that the coupons sued on were fraudulent and void as against the county in fact included a finding that all the bonds and coupons of that issue were alike invalid, and that this question could not be again litigated between the parties in any other action upon any part of these bonds or coupons; but that, in a second action upon such part of these bonds and coupons as were not declared upon in the first action, it was open to the plaintiff to show

that, as to these bonds, he was an innocent holder for value, and therefore entitled to recover upon that ground, it being held that the failure in the first suit to show that plaintiff was not a *bona fide* holder for value of the coupons declared on in that cause was not even presumptive evidence that he was not an innocent holder for value of the bonds and coupons declared on in the second suit.

The rulings in *Cromwell* v. *Sac Co.* certainly modify and restrict those given in *Beloit* v. *Morgan.* Whether the two opinions are not in some degree conflicting, it is not necessary to determine. In any event, the opinion in the former case must control, as it is the later, as well as the more full, enunciation of the law upon this subject by the supreme court.

Applying the rule as therein defined to the facts of the case now before the court, it follows that the adjudication in the cause decided by the circuit court at Des Moines, involving, as it did, coupons from the bonds now in suit, must be held to be conclusive in this action upon all questions which it appears were in fact litigated and decided in that action; but that, as the present suit is upon bonds and coupons not included in that judgment, it is open to the parties to be heard upon all questions which were not in fact, or of necessity, involved in and decided by the former adjudication.

The question, then, arises as to what facts or issues were adjudicated in the former case. The record introduced in evidence shows that plaintiff declared on the coupons, averring that it had purchased the bonds with the coupons attached in good faith, in open market, for a valuable consideration, and before maturity. The answer avers that the bonds are invalid, because when issued the school-district already was indebted to an amount exceeding the constitutional limitation. The record entry shows that the cause was tried before a jury; that having heard the evidence, the jury brought in a verdict for plaintiff, upon which the court gave judgment for plaintiff. No extrinsic evidence was offered to show upon what issue or issues the verdict and judgment were rendered. It is apparent that the judgment may have been rendered upon either one of two findings: *First,* That the bonds were valid because it was not proven that the district was indebted in an amount beyond the 5 per cent. limitation; or, *second,* that although the indebtedness of the district when the bonds were issued exceeded the constitutional limitation, and the bonds were therefore invalid, yet the district was estopped by reason of statements made by its officials from making this defense in that action against plaintiff as an innocent holder of the coupons sued on.

It will be remembered that the plaintiff is relying upon this adjudication as an estoppel upon the defendant, and the burden is upon plaintiff of establishing the fact that the question touching which the estoppel is pleaded was in fact adjudicated in the prior case. If the record itself does not show what issues were in fact determined, then evidence *aliunde* must be introduced to make certain that which the

record leaves uncertain.   Thus, in *Packet Co.* v. *Sickles,* 5 Wall. 580, it is said:

"As we understand the rule in respect to the conclusiveness of the verdict and judgment in a former trial between the same parties, when the judgment is used in pleading as technical estoppel, or is relied on by way of evidence as conclusive *per se,* it must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily tried and determined; that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties; and, further, in cases where the record itself does not show that the matter was necessarily and directly found by the jury, evidence *aliunde,* consistent with the record, may be received to prove the fact; but, even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded."

See, also, *Davis* v. *Brown,* 94 U. S. 423;   *Miles* v. *Caldwell,* 2 Wall. 35.

In *Campbell* v. *Rankin,* 99 U. S. 261, it is further ruled—

"That where, from the nature of the pleadings, it would be left in doubt on what precise issue the verdict or judgment was rendered, it is competent to ascertain this by parol evidence on the second trial."

As the plaintiff did not offer any evidence in regard to the first trial save the record itself, it is left in doubt upon what ground the verdict and judgment proceeded.   Under such circumstances it is doubtful whether the judgment can be said to estop the defendant on any issue in the present cause, but, at the utmost, it can only be held to determine that, as to the coupons declared on, the plaintiff, as an innocent holder thereof, was entitled to recover thereon.   This would not estop the defendant in the present action, under the rule laid down in *Cromwell* v. *Sac Co.,* from showing that, as to the bonds now in suit, plaintiff was not an innocent holder, and that the bonds are invalid in its hands.

This brings us then to the question whether the plaintiff is an innocent holder for value in such sense that the defendant is estopped from showing that the bonds are invalid by reason of the fact that the indebtedness of the district, exclusive of these bonds, exceeded the constitutional and statutory limitation.   To maintain the estoppel, plaintiff relies wholly upon the recitals in the bonds, that the same were issued "under the provisions of sections 1821, 1822, and 1823 of the Code of Iowa of 1873, (chapter 121, Laws of the Sixteenth General Assembly.)"

In the case of *Bates* v. *Independent School-Dist. of Riverside,* 25 Fed. Rep. 192, the question of the true construction of a recital identical with that found in the bonds and coupons, now in suit was considered by this court, and it was held that such a recital was not equivalent to a statement that the bonds were issued *in conformity* with the provisions of the constitution.   Counsel for plaintiff urge

in argument that this construction is erroneous, but I see no good reason for changing the ruling made in that case.

I therefore hold that the recitals in the bonds in suit do not estop the defendant from showing that the indebtedness of the district when these bonds were issued exceeded the constitutional limit, and that they are consequently void. Defendant is therefore entitled to judgment upon the facts of the case.