## UNITED STATES v. HUDNUT.

(District Court, S. D. New York. June 2, 1925.)

No. 1059.

Monopolies ⬡⟾17(2)—Threats of refusal to sell to dealers not maintaining suggested prices held not unlawful.

Threats by manufacturer of perfumes and toilet articles, who did not have monopoly, of refusal to sell to dealers not maintaining suggested prices, did not violate Sherman Act (Comp. St. § 8820 et seq.).

In Equity. Suit by the United States against Richard Hudnut. Bill dismissed.

Emory R. Buckner, U. S. Atty., and R. W. Joyce, Sp. Asst. U. S. Atty., both of New York City, and David A. L'Esperance, Jr., and Joseph F. Kroppy, Sp. Asst. Attys. Gen., for the United States.

Baldwin, Hutchins & Todd, of New York City (Roger S. Baldwin, E. Raymond Shepard, and Gillet Lefferts, all of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. It is hardly useful to review in detail the 73 cases of retailers to whom the defendant sold its goods, and who were cut off for price-cutting, and reinstated. These are but a small fraction of 40,000 customers, who purchased its perfumes and toilet articles. I should not regard the suit as a reasonable one, except for the recent case of the Supreme Court in Federal Trade Commission v. Beech-Nut Co., 257 U. S. 441, 42 S. Ct. 150, 66 L. Ed. 307, 19 A. L. R. 882, decided by a narrow majority. That case, however, did not hold that a suggestion by a seller to his customer of a resale price, with a statement that further dealings would be discontinued if the customer cut the suggested price, was unlawful under the Sherman Act (Comp. St. § 8820 et seq.).

It is true that the distinction between an agreement by word or conduct to maintain a reselling price on merchandise sold and delivered, and a warning that, if such a price is not maintained, future sales will be withheld, is delicate, and that the second may be accompanied by such circumstances as to show conclusively that a contract is really made. Yet there is a difference, and, if it is not observed, the right to refuse to sell to a customer, who does not by his conduct satisfy his vendor, will disappear. Certainly reckless price-cutting cheapens a product in the eyes of the community, and often greatly injures its future marketability and value. On the whole, there were among the 73 cases very few instances indeed where Hudnut's salesmen, even with the inevitable enthusiasm of such persons, did anything like make an agreement to fix a resale price. The facts, taken as a whole, more nearly resemble those in United States v. Colgate, 250 U. S. 300, 39 S. Ct. 465, 63 L. Ed. 992, 7 A. L. R. 443, and Frey & Son v. Cudahy Packing Co., 256 U. S. 208, 41 S. Ct. 451, 65 L. Ed. 892, than those in Federal Trade Commission v. Beech-Nut Co., supra. See, also, my opinion in Baran v. Goodyear Tire & Rubber Co. (D. C.) 256 F. 571.

The government has been treated with unusual frankness and given full access to the defendant's files. If some salesmen have occasionally done things which may merit criticism, there is not only admittedly no monopoly on the part of the defendant in toilet articles, or anything approaching it, but there is no body of transactions which merit condemnation for violation of the Sherman Act.

The bill is accordingly dismissed.