.
 
 Mr. Justice SWAYNE
 

 delivered the opinkurof the court.
 

 The bonds and coupons to which this litigation relates’ were issued under the same statute of Wisconsin, and for the same purpose, as those involved in the preceding case,' just decided. The object of the bill is to enjoin the appellee from proceeding in the suits at law which he has instituted upon a part of the securities in his hands; and to have those ' and all others belonging to him, delivered up and cancelled. The court below heard and dismissed the case. It is brought - here by this appeal for re-examination. .
 

 Numerous objections have been made to the validity of ^ the bonds.
 

 The argument on both sides has been learned and elaborate. The view which we have taken of the case will render it necessary to consider but two of'the points to which our attention has been called.
 

 I. On the 9th of January, 1861, the appellee recovered a judgment at law against the appellant upon another portion of these securities — though not the same with those in question in this case. The parties were identical, apd the title involved was the same.' All- the objections taken in this
 
 *622
 
 case might have been taken in that. The judgment of the court could have been invoked upon each of them, and if it were adverse to the appellaht, he might have brought the decision here by a writ of error for review. The court had 'full jurisdiction over the parties and the subject. Under such circumstances, a-judgment is conclusive, not only as to the
 
 res
 
 of that case, but as to all further litigation between same parties touching the same subject-matter, though the
 
 res
 
 itself may be .different.
 

 An apt illustration of this principle is fouud in
 
 Gardner
 
 v.
 
 Buckbee.
 

 *
 

 Gardner bought a vessel from ,Buckbee, and gave two notes for the purchase-money. Buckbee sued him upon one of the notes in the Marine Court. Gardner set up as'a defence, fraud in the sale and a want of consideration. A verdict and judgment were rendered in his favor. ' In a suit upon the other note, in the Common Pleas of the City of New York, the judgment in the Marine Court was held to.be an estoppel upon the subject of fraud in the sale.
 
 Bouchaud
 
 v. Dias,
 
 †
 

 Doty
 
 v.
 
 Brown,
 

 ‡
 

 and
 
 Babcock
 
 v.
 
 Camp,
 

 §
 

 are to the same effect and equally cogent. Such has been the rule of the common law from an early period of its history down to the present tirae.
 
 ǁ
 
 But the principle reaches further. It extends not only to the questions of fact and of law, which were decided in the former suit, but also to the grounds of recovery or defence which might have been, but were not, presented.
 

 i In
 
 Henderson
 
 v. Henderson,
 
 ¶
 
 the Vice-Chancellor said: “In trying this question, I believe I state the rule of the court correctly, that where a given matter becomes the subject of litigation in, and of adjudication' by,, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special
 
 *623
 
 circumstances, permit the same parties to open the same subject of litigation-in respect; of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted a part of their ease. T,he plea of
 
 res judicata
 
 applies, except in special cases, not only to the points upon which the court was required hy the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and .which the parties, exercising reasonable diligence, might have brought forward at the time.”
 

 A- p^irty can no more split up defences than indivisible demands, and present them by piecemeal in successive suits growing out of the same transaction.
 
 *
 
 The judgment at law established conclusively the original validity of the securities described in the bill, and the liability of the town'to pay them. Nothing is disclosed in the case which affects this condition of things.
 

 II.
 
 The city of Beloit
 
 was chartered by the legislature of Wisconsin in 1856. It embrace^ á part of the territory which previously belonged to the
 
 town of Beloit.
 
 In the seventeenth section of the charter it is enacted that “ all principal and interest upon all bonds which have heretofore been issued by the
 
 town of Beloit for railroad stock or other purposes,
 
 when the same or any portion thereof shall fall due, shall be paid by
 
 the city and town of Beloit
 
 in the same proportions as if said
 
 toion and city
 
 w;ere not dissolved,” &c.
 

 This provision was re-enacted in 1857 in an act amending the charter of the city, hlo bonds were issued in payment for railroad stock but those to a part of which this controvei’sy relates. ■ The language used by the' legislature is clear and explicit. No gloss can raise'a doubt as to its moaning. It distinctly affirms, and the affirmation is repeated, that the bonds- shall be paid.
 

 The only point to be considered is the effect of this pro
 
 *624
 
 vision. That is not an open question in this court. ' Whenever.it has been presented, the ruling has been that, in cases of bonds issued by municipal corporations, under a statute upon the subject, ratification by the legislature is in all re'spects equivalent to original authority, and cures all defects of power, if such defects existed, and all irregularities in its execution.
 
 *
 
 The same principle has been applied in the courts of the States.
 
 †
 
 This court has repeatedly recognized the validity of private and curative statutes, and'given them full effect, where the interests of private individuals were alone concerned, and were largely involved and affected.
 
 ‡
 
 The earlier and more important of these authorities are so well known to the profession and are so often' referred to, ■that it would be waste of time to comment upon them. Wé hold this objection also fatal to the appellant’s case.
 

 Several other important propositions have been discussed by the learned counsel for the appellee. They have not been considered, and we express no opinion in regard to them.
 

 Decree affirmed.- .
 

 *
 

 3 Cowen, 120.
 

 †
 

 3 Denio, 238.
 

 ‡
 

 4 Comstock, 71.
 

 §
 

 12 Ohio State, 11.
 

 ǁ
 

 Ferrer’s Case, 6 Reports, 8; Hutchin
 
 v.
 
 Campbell, 2 W. Blackstone, 831; Duchess of Kingston’s Case, 2 Smith’s Leading Cases, 656; Aurora City
 
 v
 
 West,
 
 supra,
 
 82.
 

 ¶
 

 3 Hare, 115. See also, Birckhead
 
 v.
 
 Brown, 5 Sandford’s Superior Court, 135.
 

 *
 

 Bendernagle v. Cocks, 19 Wendell, 207.
 

 *
 

 Gelpcke v. Dubuque, 1 Wallace, 220; Thomson
 
 v.
 
 Lee County, 3 Id. 327.
 

 †
 

 Wilson v. Hardesty, 1 Maryland Ch. Decisions, 66; Shaw
 
 v.
 
 Norfolk Co. R. R. Co., 5 Gray, 180.
 

 ‡
 

 Satterlee
 
 v.
 
 Matthewson, 2 Peters, 380; Wilkinson
 
 v.
 
 Leland, Id. 627; Leland
 
 v.
 
 Wilkinson, 10 Id. 294;. Watson
 
 v.
 
 Mercer, 8 Id. 88; Charles River Bridge
 
 v.
 
 Warren Bridge, 11 Id. 420; Stanley
 
 v.
 
 Colt, 5 Wallace, 119; Croxall
 
 v.
 
 Shererd, Id. 268.