PENNSYLVANIA R. Co. *v.* NATIONAL DOCKS & N. J. J. C. RY. Co.

*(Circuit Court, D. New Jersey. July 12, 1892.)*

1. RAILROAD COMPANIES—INTERSECTION OF ROAD—RES JUDICATA.
   The decision of the highest court in the state of New Jersey as to the right of one railroad company to cross the lands of another railroad company in the same state is conclusive, and cannot be reviewed by the United States circuit court in a suit between the same parties, involving the same subject-matter, though a federal question be involved.

2. SAME—INJUNCTION—DISMISSAL OF BILL—PRACTICE.
   A motion to dismiss a bill for an injunction filed by the proprietor company will not, however, be granted, though the injunction be refused, since the bill may be available to complainant to regulate the mutual use of the premises by the parties.

In Equity. Bill by the Pennsylvania Railroad Company against the National Docks & New Jersey Junction Connecting Railway Company to restrain defendant from prosecuting certain condemnation proceedings. Complainant's motion for a preliminary injunction was denied; also defendant's motion to dismiss the bill; and the cause was retained to regulate the mutual use of the premises.

*James B. Vredenburgh, Samuel H. Grey,* and *Joseph D. Bedle,* for complainant.

*Dickinson & Thompson, Gilbert Collins,* and *John R. Emery,* for defendant.

ACHESON, Circuit Judge. The court is asked by a preliminary injunction to restrain the defendant company from further prosecuting certain condemnation proceedings instituted by it under the general railroad law of the state of New Jersey, and from taking thereunder, or otherwise, any property or lands of the complainant, or constructing upon said property and lands its proposed railroad. On the other hand, the defendant moves the court to dismiss the bill. I have examined the whole case with the care which its importance demands, but I do not deem it necessary at this time to express an opinion upon all the questions which the counsel regard as here involved, and which they have argued so ably. I shall consider the case in a single aspect only. In the state of New Jersey it is authoritatively settled that the supreme court, on *certiorari* prosecuted by the landowner, bringing up the appointment of commissioners in condemnation proceedings, has the right, by virtue of its general supervisory jurisdiction over all inferior tribunals proceeding in a summary way, to inquire into and determine all questions, whether of fact or law, which affect the right of the company seeking the condemnation to take the plaintiff's land. *Morris & E. R. Co. v. Hudson Tunnel R. Co.,* 38 N. J. Law, 548. Now, long before our equitable jurisdiction was here invoked, the complainant procured the allowance of a writ of *certiorari,* whereby the condemnation proceedings in question were removed into the supreme court of New Jersey; and thereupon reasons were filed in that court by the complainant for setting aside the said proceedings and the order appointing the commissioners, which raised every

question affecting the right of the defendant company to appropriate to its uses the complainant's property or lands.    Upon an inspection of the record, it is, I think, quite evident that upon those reasons or causes assigned the whole controversy between these parties, so far as the right of appropriation is concerned, was before the state court for adjudication. The supreme court, for reasons expressed in its opinion, set aside the condemnation proceedings, (18 Atl. Rep. 574;) but, upon a writ of error sued out by the defendant company, the court of errors and appeals of the state of New Jersey reversed the judgment of the supreme court, and remitted the record to that court, (21 Atl. Rep. 570,) which ultimately affirmed the order appointing the commissioners.    The court of errors and appeals in its opinion declared that one railroad company may condemn the right to cross the lands of another company of the same character, although those lands may be necessary for the railroad purposes of the latter company, subject only to the qualification that the manner of crossing is not to be destructive of the ability of the road crossed to exercise its franchises fully, fairly, and freely; that in such a condemnation all that is acquired is the privilege or easement of crossing; and that after such condemnation the place of crossing is to be and remain in the common use of both railroad companies, for the exercise of their respective franchises.    Upon the proofs presented, the court held that the projected crossing of the complainant's land by the defendant company was neither destructive to the ability of the complainant fully and fairly to exercise its franchises and perform its duties, nor of such a character that the company could not be adequately compensated in damages, and therefore that it was a lawful crossing.    Such being the decision of the highest court of the state of New Jersey upon the right of one railroad company to cross lands situated within that state belonging to another railroad company, made in a suit involving the identical condemnation proceedings herein drawn in question, and between the parties to the present suit, we must, upon well-settled principles, regard the decision as the law of this case.

It is, however, alleged that under the condemnation proceedings the defendant company proposes to take "out and out" a part of the complainant's land which is necessary for the purposes of its franchises, including, as it does, a part of its "Harsimus" abutment and right of way and ground condemned by it for other railroad purposes, and that the right to make such absolute appropriation has not been passed upon by the state courts.    But, upon a careful reading of the petition in the condemnation proceedings, I am of the opinion that it is limited to a right of crossing, and that no greater right can be acquired under those proceedings.    The defendant's counsel so contend here, and I think their position is undoubtedly correct.    Aside from this view, however, this matter was before the state courts.    Clearly it was involved in the issues there tried, and the question here raised must be taken to have been passed on by the court of errors and appeals, and adjudged against the complainant.    *Beloit* v. *Morgan,* 7 Wall. 619.    We cannot, then, avoid giving a conclusive effect to the judgment of the state court.    Certainly

it is not within the province of a court of equity to act as a court of review as respects alleged errors of a court of law. *Tilton* v. *Cofield*, 93 U. S. 163. Nor does it make any difference that there is here involved a federal question, for the decision of the court of errors and appeals upon such question is reviewable only by the supreme court of the United States.

The motion for an injunction must be denied. But we are not prepared to say that this bill may not be available to the complainant to regulate the mutual use of the premises by the two railroad companies in the exercise of their respective franchises, and the motion to dismiss will be denied. And now, July 12, 1892, the motion for an injunction is overruled, and the restraining order is dissolved. The motion to dismiss the bill is denied.