## Armstead v. Blickman.

1. FORMER SUIT IN BAR—*Dismissal of Bill for Want of Equity.*— Where a bill is dismissed without qualification the decree is conclusive as to all matters involved, which are decided or might have been decided.

2. FORMER SUIT IN BAR—*Dismissal of Bill—Exception.*—The only exception to the rule is where, in case of the dismissal of the bill, it is apparent on the face of the pleadings, or in the decree of the court, that there was no hearing or adjudication upon the merits.

3. FORMER SUIT IN BAR—*An Unreversed Decree.*—So long as a decree dismissing a bill stands unreversed, it makes no difference whether the cause was correctly decided or not, or what the reasons were that induced the court to dismiss the bill; it is an adjudication in bar.

Memorandum.—Assumpsit. Error to the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

James A. Fullenwider, attorney for plaintiff in error.

Dahms & Langworthy, attorneys for the defendant in error.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

Plaintiff in error was sued upon her indorsement or guaranty of a certain promissory note, made by her husband, and payable to the order of A. Y. McDonald Co.

Before said suit at law was brought to trial, but while the same was pending, the plaintiff in error brought her bill in chancery in the Superior Court against the payee of the note, and the defendant in error to whom the note had been assigned, to compel the cancellation of her said indorsement on the ground of a failure in the consideration of the note and her indorsement thereof, and upon hearing upon bill and answer, her said bill was dismissed by the court for want of equity.

On the trial of the suit at law, on the note, she attempted to set up as a defense the same matters alleged in her bill in chancery, as grounds for affirmative relief, but was met with the objection that all those matters had been adjudicated in said chancery suit, and that she was estopped by her pleadings and the decree in said suit, from having those matters tried again.

From an inspection of the bill and other pleadings in the chancery suit, introduced in evidence and contained in this record, it is apparent that every question concerning the consideration of the note and its guaranty by the plaintiff in error, as well as the time of the assignment of the note to the defendant in error, was involved, and was decided, or might have been decided, in that cause.

It was, therefore, proper for the Superior Court to refuse to retry either of those issues.

The rule is well stated in the late case of Stickney v. Goudy, 132 Ill. 213, where the authorities are cited, and it is said: "Where a bill is dismissed without qualification, the decree is conclusive as to all matters involved, which are decided, or might have been decided."

In Harmon v. Auditor, 123 Ill. 122, it was held that the former judgment or decree was conclusive, not only as to questions actually and formally litigated, but was so as to all questions within the issue, whether formally litigated or not. So, also, in Bennitt v. Mining Co., 119 Ill. 9. Again, in Beloit v. Morgan, 7 Wall. 619, the Supreme Court of the United States said, the principle extended "not only to the questions of fact and of law, which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented."

The only exception to the rule is, where, in case of the dismissal of the bill, it is apparent on the face of the pleadings or in the decree of the court, that there was no hearing or adjudication upon the merits. Freeman on Judgments, Sec. 270; Herman on Estoppel, Sec. 403.

Nor, so long as the decree stands unreversed, does it make any difference whether the cause was correctly decided or not, or what the reasons were that induced the court to dismiss the bill. Town of Lyons v. Cooledge, 89 Ill. 539.

There was no error in admitting in evidence the pleadings and decree in the chancery suit, and in refusing to permit the plaintiff in error to again try the issues there determined, and the judgment of the Superior Court will be affirmed.