COLUMB v. WEBSTER MFG. CO.

(Circuit Court of Appeals, First Circuit. January 3, 1898.

No. 200.

JUDGMENT—RES JUDICATA—IDENTITY OF CAUSE OF ACTION.
    A judgment on the merits in a state court, in an action to recover for a personal injury on the ground of negligence, is a bar to a second action in a federal court by the same plaintiff against the same defendant to recover for the same injury, and grounded on defendant's negligence in respect to the same occurrence, though additional acts of negligence are charged.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was an action for personal injury, brought by Frank Columb against the Webster Manufacturing Company. The circuit court sustained a plea of former adjudication, and the plaintiff brings error.

John L. Hunt, for plaintiff in error.

Richard M. Saltonstall (H. Eugene Bolles, on the brief), for defendant in error.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

ALDRICH, District Judge. This is an action to recover for damages which the plaintiff claims he sustained by reason of the defendant's negligence in New Hampshire. The plaintiff brought a prior

suit in the New Hampshire state courts against this defendant, and for the same injury, where he had his trial upon the merits, and upon a cause of action involving the defendant's alleged negligence as a ground of recovery, and where there was a verdict of the jury and judgment for the defendant, and the defendant in the circuit court interposed such judgment as a bar to the further prosecution of the plaintiff's action therein.

We think the New Hampshire judgment is a bar to the plaintiff's second action, and it seems quite unnecessary to add anything to the reasoning of the court below.  It may be observed, however, that the cause of action (that of the defendant's negligence in respect to the same affair) was identical in both proceedings, although the plaintiff, in this, his second proceeding, varies somewhat his description of the defendant's negligence.  It remains, nevertheless, that this action was brought for the same injury, and that the action is grounded on the defendant's fault or negligence in respect to the same occurrence. In the New Hampshire case the plaintiff alleged the defendant's want of care in respect to its duty to furnish a suitable and safe place for the performance of the service which he was expected to render, and that, by reason of the careless and negligent construction of the bridge or trestle, and "by the sudden giving away of said trestle or railroad," he was "thrown into the river below," and injured; while in the proceeding here he alleges that "an unsupported section or part of said bridge, on which plaintiff was so assisting as aforesaid, fell, and, owing to the neglect of the defendant to provide safe and suitable safeguards, instrumentalities, and protection for and in the performance of said work, and owing to the neglect of defendant to provide safe, suitable, and competent servants and agents to assist the plaintiff in the performance of said work, the plaintiff was precipitated into the said river," and was injured.  The cause of action in the two proceedings is obviously the same.  In the proceeding here the plaintiff alleges other elements of negligence, which he in effect says cooperated with the elements of negligence alleged in the first proceeding to bring about the same result; in other words, he alleges here additional acts of negligence, operating upon the same occurrence, and tending to the same result.

It is not necessary to prolong the discussion of this question further than to say that the scope or extent of the estoppel, operating upon the second action, like that involved in Roberts v. Railroad Co., 158 U. S. 1, 27–29, 15 Sup. Ct. 756, depends upon the question whether the demand or claim or cause of action is the same in the two proceedings.  All authorities seem to agree that, if the cause of action is the same, a trial and judgment upon the merits operate as a bar to subsequent litigation between the same parties; while another line of authorities hold that, where the suit is between the same parties, and the claim or demand or cause of action is different (Forsyth v. City of Hammond, 166 U. S. 506, 518, 17 Sup. Ct. 665), the judgment in the former action operates as an estoppel only as to the particular points controverted, or to those matters which were strictly in issue. As to the first class of cases, as said by Mr. Justice Shiras in the

Northern Pacific Railroad Case just cited (page 28, 158 U. S., and page 765, 15 Sup. Ct.), in quoting approvingly from an earlier decision of the supreme court, "a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented." Southern Pac. R. Co. v. U. S., 168 U. S. 1, 50, 18 Sup. Ct. 18.

The supreme court decisions are quite decisive, and controlling upon the question before us. In the case of Beloit v. Morgan, 7 Wall. 619, it is said, with reference to a former trial before a court having jurisdiction over the parties and the subject, that "under such circumstances a judgment is conclusive, not only as to the res of that case, but as to all further litigation between same parties touching the same subject-matter, though the res itself may be different."

Again, in referring to the point taken by counsel that the estoppel only operates upon the precise question in issue, it is said:

"But the principle reaches further. It extends, not only to the questions of fact and of law which were decided in a former suit, but also to the grounds of recovery or defense which might have been, but were not, presented."

Again, in the same case it is said:

"A party can no more split up defenses than indivisible demands, and present them by piecemeal in successive suits growing out of the same transaction."

This principle was reaffirmed, and the doctrine emphasized, by the supreme court in Stark v. Starr, 94 U. S. 477, 485, where it is said by Mr. Justice Field:

"It is undoubtedly a settled principle that a party seeking to enforce a claim, legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible."

We have said, in this circuit, of supposed grounds of recovery not presented in the original cause, that, if we were to assume they were sufficient to put in issue the propositions argued, they would not be effectual to give the complainants the relief desired; and this was for the reason, as there observed, that in the principal cause the court had jurisdiction of the parties and the subject-matter of the controversy, and judgment therein must, therefore, be taken as conclusive. Jones v. Bank, 33 U. S. App. 703, 713, 22 C. C. A. 483, and 76 Fed. 683.

The additional allegations of negligent acts, in the case at bar, are (as said of the new evidence in Southern Pac. R. Co. v. U. S., 168 U. S. 1, 65, 18 Sup. Ct. 18) "simply cumulative," and they merely present elements of negligence which were, in contemplation of law, at least for the fair and reasonable purposes of the res judicata rule, involved in the affair originally complained of, and in the single and indivisible cause of action originally set out,—that of the negligence and fault of the defendant which occasioned the injury to the plaintiff. Beauregard v. Construction Co., 160 Mass. 201, 203, 35 N. E. 555; Patterson v. Wold, 33 Fed. 791, 793. The reasons for the res judicata rule have been stated again and again, and they include, among other considerations, the idea that the interests of the public

and of litigants alike require that a legal controversy should end with one investigation before a tribunal with ample jurisdiction to do justice, and with ample opportunity for the parties to present their case with such measure of statement and proofs as they see fit. A rule which would allow the plaintiff to split his case, and measure out a part of his grievance and of his proofs, and, in the event of failure, to try again upon a greater measure, would necessarily allow the defendant to stand on a part rather than all of his defense to a given cause of action, and, if this should prove insufficient, a second trial upon a more full statement and a greater measure of proofs would be open to him. Under such a rule, litigation would at once become burdensome and oppressive, interminable and never-ceasing,—a condition which the modern law seeks to avoid, and a situation which the courts of the present age are not disposed to aid in creating.

Is there any safe or reasonable ground upon which a cause of action based upon the supposed negligence of an employer can be treated as divisible? Is there any reason for a rule which would permit a plaintiff, by varying his description of negligence, to have a second trial, if he fails to succeed upon his first description and proofs, but deny him a second trial if he does succeed? No reason has been urged in support of such a rule of law, and it is difficult to see that any could be suggested. Then let us look at the question with reversed light. Suppose the plaintiff had recovered in his New Hampshire case, upon such description of the negligence as he employed there; could he, by varying his description, and alleging additional negligence contributing to the same accident, have another recovery of damages for the same injury? If the affirmative is asserted, how are the damages to be divided? How much for the negligence as first described, and how much for the negligence set out in the second description? It is not believed that any one would seriously insist upon the right of a second recovery. If it is conceded, then, that under such circumstances a second recovery could not be had, for the reason that the full right of recovery was involved in the description of the defendant's negligence which the plaintiff employed, and in the trial, and therefore merged in the judgment favorable to the plaintiff, upon what logic can it be urged that the full right of recovery is not merged in a judgment unfavorable to the plaintiff, which is based upon the same allegations, the same trial, and the same proofs? A rule which would make the question whether a judgment is conclusive upon the plaintiff depend upon the question whether the judgment is for or against him, and make the result of the trial a conclusive estoppel upon both parties if favorable to the plaintiff, and otherwise not, would be a one-sided rule, discriminating in favor of the plaintiff, and a rule which would at once destroy the fundamental idea of estoppel by judgment.

It is true that the plaintiff, in his second attempt to describe the cause of action, states a stronger case than in his first, for the reason that he includes other elements of negligence; but this does not entitle him to a second trial. A person suffering from a supposed grievance of the character in question must not be permitted to re-

sort to several trials and to different courts, experimenting as to relief, first with a part of his cause of action, then with a little more, and then again with a still stronger description of the co-operating elements which are supposed to have caused the injury. If sound principles permit a second trial, because the second pleader presents a stronger description of the negligent acts contributing to the injury than the first, why not a third, and fourth, and so on without limit, as long as a pleader can be found with sufficient skill and ingenuity to draw a declaration broader than the one next preceding? It follows, from this reasoning, that, the plaintiff having elected the New Hampshire court as the tribunal to settle his rights, and his cause of action being grounded upon the supposed negligence of the defendant, he should have put in evidence all the supposed negligent acts which contributed to the injury, and if, upon the trial, it had turned out that the scope of the evidence was broader than that of the declaration, it is understood that the New Hampshire amendment practice would have permitted the declaration to be recast, to the end that the whole case might go to the jury. If he did not do this, it was his own fault or misfortune, but is not such a misfortune as entitles him to a second trial.

No question is made on argument that the plaintiff, Frank Columb, is not the same person as "Frank Colon," the plaintiff in the New Hampshire case, and it is conceded that the variance between the names is the result of clerical error. This being so, it abundantly appears from the record that the parties and the subject-matter of the cause of action here are the same as in the case presented in the New Hampshire state court, and upon which the plaintiff had a trial upon the merits. The plea in bar interposed in the circuit court, therefore, did not require the aid of matter dehors the record. The circuit court expressly excluded the aliunde evidence, and determined the question—and rightly, we think—upon the record itself. This being so, it is not necessary that we consider the other questions raised by the assignment of errors.

Judgment of the circuit court affirmed, with costs in this court to the defendant in error.