BARAN v. GOODYEAR TIRE & RUBBER CO. et al.

(District Court, S. D. New York. July 29, 1918.)

PLEADING ⊚⟶52(2)—COMPLAINT—SEPARATE STATEMENT OF CAUSES OF ACTION.

Where a complaint sets forth in one cause of action facts which might be regarded as violations of the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830) and the Clayton Act, *held*, that defendants were entitled to have the commingled causes of action separately stated; the alleged violation of the Sherman Anti-Trust Act being different from the alleged violation of the Clayton Act.

At Law. Action by Harold P. Baran against the Goodyear Tire & Rubber Company and the Goodyear Tire & Rubber Company, Incorporated, of New York. On motion to compel separate statement of commingled causes of action, respectively based on the Sherman Anti-Trust Act and on the Clayton Act. Motion granted.

See, also, 256 Fed. 571.

House, Grossman & Vorhaus, of New York City, for plaintiff.

Lewis & Kelsey, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. The complaint sets out in one cause of action facts which may be regarded as violations of the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [Comp. St. §§ 8820–8823, 8827–8830]) and the Clayton Act (Act Oct. 15, 1914, c. 323, 38 Stat. 730). Some of them apparently violate one of these acts, and some may violate both. These are separate acts, and remain so in spite of certain clauses of the Clayton Act which relate to both. I think the defendants are entitled to have these commingled causes of action separately stated, so that they may better prepare for trial and have the advantage by demurrer of eliminating one from consideration if a demurrer should be sustained.

The illegality complained of which would violate the Sherman Act is apparently an attempt to monopolize the trade in certain automobile accessories. This almost necessarily depends on the defendants' whole plan, and I can see no reason why it should not be pleaded as a whole, and given the legal effect that the transactions call for. In this I agree with the decision of Judge Colt in Cilley v. United States Machinery Co. (D. C.) 202 Fed. 598. I do not think the legal questions there under consideration were disposed of in any different way by the Circuit Court of Appeals of the Third Circuit in Buckeye Powder Co. v. E. I. Du Pont, etc., Co., 223 Fed. 881, 139 C. C. A. 119. Matters discussed in Judge Lanning's opinion in Rice v. Standard Oil Co. (C. C.) 134 Fed. 464, did not really arise for consideration in that case, because the Circuit Court of Appeals thought the gravamen of the action was an attempt to create a monopoly forbidden by the second clause of the Sherman Act, and not a conspiracy to restrain trade denounced by the first clause. Such seems to be the situation here so far as the Sherman Act is concerned.

Irrespective, however, of whether a pleader should state violations

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the two sections of the Sherman Act in separate counts, I think violations of the Clayton Act which may occur without any combination to restrain trade or any attempt to monopolize within the meaning of the Sherman Act, but by reason of price discrimination or contracts that a purchaser shall not deal in the goods of a competitor, should be set forth in a separate count.

The motion is therefore granted, and the plaintiff is directed to file an amended complaint, stating violations of the Sherman Act in one count, and of the Clayton Act in a second count.