## LA CHAPPELLE v. UNITED SHOE MACHINERY CORPORATION.

### No. 5903.

District Court, D. Massachusetts.

Feb. 25, 1936.

La Rue Brown, W. W. Hart, and Horace P. Moulton, all of Boston, Mass., for plaintiff.

John L. Hall (of Choate, Hall & Stewart), of Boston, Mass., for defendant.

SWEENEY, District Judge.

The plaintiff brings this action for treble damages under 15 U.S.C.A. § 15, setting forth that he is an inventor of shoe-bottoming machinery which is valuable to industry, but that he is unable to market his invention because of a monopoly existing in the defendant, and because of a condition, agreement, and understanding between the defendant and its lessees that the latter shall not use the machinery of a competitor of the defendant.

In the case of Baran v. Goodyear Tire & Rubber Company (D.C.) 256 F. 570, which is relied upon by the defendant as a ground of demurrer, the complainant set out in one cause of action facts which in reality constituted two causes of action; had intermingled violations of the Clayton Act (38 Stat. 730) with violations of the Sherman Act (15 U.S.C.A. §§ 1–7, 15 note); and the court ordered a separation of these causes of action. See Baran v. Goodyear Tire & Rubber Company (D.C.) 256 F. 571. In the instant case the plaintiff sets forth in one cause of action a series of acts, which in and of themselves do not purport to violate the Sherman or the Clayton Act, but contends that such acts are but a part of the whole general plan which is the basis of this cause of action. At page 3 of the memorandum of law filed by the plaintiff, he states: "The plaintiff cannot recover because the defendant has a monopoly of inventors, he cannot recover because the defendant has conspired to monopolize trade, he cannot recover because the defendant is in a position of absolute dominance in his particular line; but unite all these allegations in a uniform whole and add to it that he is an inventor of the machines involved in the monopoly and has been deprived of his business by reason of the various steps of the defendant in acquiring and maintaining its monopoly, and we have the single cause of action upon which this suit is based."

While there is some question whether the statute under which this action is brought is penal in character [see American Banana Co. v. United Fruit Co. (C.C.) 153 F. 943] or not [see Baush Mach. Tool Co. v. Aluminum Company of America (C. C.A.) 63 F.(2d) 778–780], nevertheless it is an action for treble damages and ought to be strictly construed. I am inclined to believe that the plaintiff is bound to allege

a specific violation of a prohibition contained in the anti-trust laws before recovery can be had, and that it is not enough to merely state a series of acts which in and of themselves are not violative of either the Clayton or the Sherman Acts, and add to this one or two other elements which are clearly outside the Sherman and Clayton Acts and have a resulting cause of action which may violate the spirit of the anti-trust laws.

In Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518, which is cited by the plaintiff in support of his bill, after the plaintiff had set forth all his specific charges, there was a general allegation that the defendants were conspiring with one another, the railroads, and others, to monopolize the supply and distribution of fresh meat throughout the United States. This alleges a distinct violation of the anti-trust laws, and when all these specific charges are read in the light of that allegation, the bill was maintainable.

I do not feel that the plaintiff has set forth a cause of action concisely and with substantial certainty, and the demurrer is therefore sustained.