F. L. MENDEZ & CO. v. GENERAL MOTORS CORPORATION.

No. 9200.

Circuit Court of Appeals, Seventh Circuit.

May 8, 1947.

Rehearing Denied June 12, 1947.

Isadore D. Rosenfeld and Joseph A. Roper, both of South Bend, Ind., for appellant.

Ferris E. Hurd, of Chicago, Ill., Henry M. Hogan, of Detroit, Mich., and Henry F. Herbermann, of New York City (Pope & Ballard, of Chicago, Ill., and Daniel Boone, of Detroit, Mich., of counsel), for appellee.

Before SPARKS, and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment dismissing its complaint because, as the District Court said, the suit is barred by the adjudication in a previous action brought by plaintiff against defendant resulting in a judgment in favor of defendant. The sole contention of plaintiff is that the District Court erred in determining that the cause of action in the earlier case and that in this case are the same.

In its complaint plaintiff averred that it had been for more than five years prior to July 9, 1937, the owner of a retail automobile dealership holding a franchise agreement with defendant's subsidiary, under which it was entitled to purchase from that subsidiary Pontiac automobiles and to sell them to the public; that this agreement contained a clause whereby defendant reserved the right to cancel the franchise on short notice; that on or about April 7, 1937, defendant, through its subsidiary, cancelled the agreement as of July 9, 1937; that said cancellation was wrongful in view of the provisions of Title 15 U.S.C.A. § 14, in that it was occasioned by the fact that plaintiff had entered into an agreement with a competitor of defendant whereby plaintiff became an authorized dealer in the competitor's products although plaintiff's franchise agreement with defendant contained no prohibition against its acting as a dealer in in competitive automobiles. In other words the complaint was, shortly speaking, a suit to recover damages for the allegedly wrongful cancellation of plaintiff's franchise to sell Pontiac automobiles, in violation of Sections 14 and 15 of Title 15 of the U.S.C.A., commonly known as the Clayton Act.

The complaint in the earlier case recited substantially the same facts, except that it averred that the cancellation was wrongful in that it was made pursuant to and as a part of a conspiracy in restraint of interstate commerce as to which defendant had been adjudged guilty. Upon this charge, that the cancellation was in pursuance of a conspiracy in violation of the Anti-Trust Act, a verdict for defendant was returned and judgment entered in accord with the verdict. It is obvious, therefore, that in each case, plaintiff's right which it claimed had been violated grew out of a franchise agreement with defendant under which it was permitted to sell Pontiacs. This right, plaintiff claimed in each case, had been unlawfully taken from it by defendant, in the first case, in pursuance of a violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and, in the second, through violation of the Clayton Act, 38 Stat. 730, 15 U.S.C.A. § 12 et seq.

We think, in this situation, there can be no question but that the judgment in the first case was res judicata of the issues raised in the second suit. We are considering a question of identity of causes of action. As said in United States v. Memphis Cotton Oil Co., 288 U.S. 62, 67, 53 S.Ct. 278, 280, 77 L.Ed. 619, "[the term] 'cause of action' may mean one thing for one purpose and something different for another. It may mean one thing when the question is whether it is good upon demurrer, and something different when there is a question of the amendment of a pleading or of the application of the principle of res judicata." We are concerned with the meaning of the term here as it is involved in application of the principle of res judicata.

Every legally valid cause of action must involve a right possessed by the plaintiff and a duty devolving upon defendant to observe that right; a wrong done by defendant which results in a breach of defendant's duty and violation of the right of the plaintiff; a remedial right recognized by the law in favor of plaintiff and a corresponding reciprocal duty resting on the defendant and finally the relief to be rendered by the court. Pomeroy's Code Remedies, Fifth Edition (1929), section 347, p. 528. The author concludes: "every action, however complicated or however simple must contain the primary right and duty, and the delict or wrong combined constitute the cause of action in the legal sense of the term." Thus, where in an earlier suit the plaintiff had averred personal injury upon his part arising from defective appliances and, having lost, sued a second time for the same injury but alleged it had been caused by negligence of a different character, the

Supreme Court, in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069, said: "Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong, and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence, or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex."

In a second attempt to cancel certain deeds, where, in a former suit, plaintiff had relied upon different grounds for cancellation, the court said, in Vinson v. Graham, 10 Cir., 44 F.2d 772, 777: "Ownership of the land in controversy was the primary right alleged by Fife. The correlative duty was the obligation of the appellees to respect that ownership and not to trespass upon such land or cloud the title thereto. The delict of appellees was the alleged wrongful invasion of that right by entering such land, removing the natural products thereof, and asserting title thereto under an alleged illegal deed. Manifestly, each of the several separate and distinct grounds, which would render such deed invalid and the occupancy and use of such land by the appellees unlawful, would not constitute separate and distinct causes of action. They are simply the media concludendi or grounds for asserting the right, and they show an invasion by a single legal wrong of a single primary right, and give rise to but one cause of action." Other cases making similar analysis of the meaning and connotation of the term "cause of action" are Pavelka v. St. Albert Society, 82 Conn. 146, 72 A. 725, 135 Am.St.Rep. 263; Columb v. Webster Mfg. Co., 1 Cir., 84 F. 592, 43 L.R.A. 195.

We think this reasoning directly applicable to the facts here. The primary right of plaintiff alleged to have been injured was its contract right to purchase automobiles. The wrong of defendant, as asserted by plaintiff, was wrongful cancellation of that right. The fact that in one case defendant's repudiation of the contract was alleged to have been wrongful for one reason and in the other for another reason does not alter the fact that the cause of action was for the same injury,—wrongful cancellation of the franchise. Thus, in United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 267, 48 L.Ed. 476, where the United States sought to void the patent to certain land on the ground that it was excepted from the original grant and there had been prior litigation in which the Government had unsuccessfully endeavored to recover the same land because of the failure of defendant to perform a condition subsequent attached to the original grant, the Supreme Court held that there was merely one cause of action, saying: "The best that can be said, apart from the act just quoted, to distinguish the two suits, is that now the United States puts forward a new ground for its prayer. Formerly it sought to avoid the patents by way of forfeiture. Now it seeks the same conclusion by a different means,—that is to say, by evidence that the lands originally were excepted from the grant. But in this as in the former suit, it seeks to establish its own title to the fee. * * * the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He can not even split up his claim. (Fetter v. Beale, 1 Salk. 11; Trask v. Hartford & New Haven Railroad, 2 Allen, Mass., 331; Freeman, Judg. 4th ed. §§ 238, 241); and, a fortiori, he cannot divide the grounds of recovery." See also Werlein v. New Orleans, 177 U.S. 390, 20 S.Ct. 682, 44 L.Ed. 817.

Plaintiff relies upon United Shoe Machinery Corporation v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Baran v. Goodyear Tire & Rubber Co., D.C., 256 F. 570; United States v. Swift, D.C., 188 F. 92; Buckeye Powder Co. v. E. I. du Pont de Nemours & Co., 3 Cir., 223 F. 881, but we think they are not helpful in solution of the problem confronting us. In United Shoe Machinery Corp. v. United States, supra, the court merely held that prosecution by the Government for violation of the Sherman Act was no bar to a later prosecution for violation of the Clayton Act. Obviously the Government had a right to complain of violation of each of these statutes, for each violation constituted a separ-

ate offense, a breach of a distinct and separate statutory duty. We are dealing with a civil suit in which the private right of plaintiff has been, as it says, unlawfully taken from it. It has one right and one only; the right to enjoy its contract. It complains of one wrongful act, namely, deprivation of that right. Its action is not for recovery under the Sherman Act or for recovery under the Clayton Act but for recovery for the wrongful cancellation of its property right. The gist of its action is its injury arising from alleged wrongful deprivation of its contract right.

Whether the cancellation was caused by any one or more allegedly illegal acts is a question which must be litigated and determined fully in one suit and not in separate suits. "It is not uncommon that a single cause of action in tort will rest both on omission of a statutory duty and on common-law negligence; the two bases do not necessarily multiply the causes of action." Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 1140, 89 L.Ed. 1628. "That the cause of action is supported by a different law, or by application of different principles, under the amendment, does not show that a different cause of action is declared upon. Seaboard Air Line Ry. v. Koennecke, 239 U.S. 352, 354, 36 S.Ct. 126, 60 L.Ed. 324." Clinchfield R. Co. v. Dunn, 6 Cir., 40 F.2d 586, 587. See also Werlein v. New Orleans, 177 U.S. 390, 20 S.Ct. 682, 44 L.Ed. 817.

Plaintiff relies upon the test, sometimes applied, of identity of proof, that is, that only if the same evidence will sustain both actions will the doctrine of res judicata apply, and refers to various decisions applying that rule. We think this is not the applicable test under any and all circumstances. Thus in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069, the court said: "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. The number and variety of the facts alleged do not establish more than one cause of action so long as their result, whether they be considered severally or in combination, is the violation of but one right by a single legal wrong." In United States v. United States Gypsum Co., D.C., 51 F. Supp. 613, 623, the court said: "These decisions put it beyond doubt that where in two successive actions between the same parties it is sought in the second to defeat, upon the ground that the causes of action are different, a plea of res judicata based upon the first, the test of identity, i. e., whether the same evidence will support each charge, must be applied not in terms of the mere facts, theories or pleadings specifically relied upon in each, but in terms of the ultimate wrong sued on. It is of course true that the question what wrong is sued on must be determined from the allegations in the respective plaintiff's pleadings. But if from the four corners of the pleadings in each of the two cases it appears that the wrong sued on in each is the same, then the assertion in the second case of facts wholly different from those asserted in the first will not defeat the plea. In short, 'the same evidence test,' if applied with complete literalness, is valid as a positive but not as a negative test for determining the identity of causes." With this language we are in accord. We agree that the same evidence test may well be valid as a positive but not always as a negative test.

We think plaintiff was required to assert all the grounds set up in the second case as ground for recovery in the first. A party seeking to enforce a claim, legal or equitable, must present to the court either by pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it piecemeal, or present only a portion of the grounds and leave the rest to be presented in a second suit if the first fails; such practice would lead to endless litigation. Stark v. Starr, 94 U.S. 477, 24 L.Ed. 276; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Restatement of the Law of Judgments, Sec. 63, p. 257; Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060; City & Town Beloit v. Morgan, 74 U.S. 619, 7 Wall. 619, 19 L.Ed. 205.

The judgment is affirmed.

On Petition for Rehearing.

As appellant says, United Shoe Mach. Co. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708, did not involve a criminal prosecution but arose out of a proceeding wherein the government sought to enjoin certain practices of the defendant upon the ground that they violated the provisions of the Clayton Act. Defendant contended that an adverse decree in an earlier suit, in which the Government sought to enjoin similar practices on the ground that they constituted a violation of the Sherman Act was res adjudicata of the issue in the Clayton Act case. The Supreme Court declined to accept this contention, pointing out that, in the first case, the Government sought to have defendants declared a monopoly and dissolved under the Sherman Act, whereas, in the second case, it sought to have the acts complained of enjoined because they violated those provisions of the Clayton Act which forbid certain practices where their effect "may" be substantially to lessen competition or create a monopoly. Therefore, said the court "the cause of action is not the same."

That the cited case did not involve a criminal prosecution is unimportant. The essential teaching is that the Government had a right to complain of violations of each of two different statutes. Here we are deciding the question of whether a plaintiff who avers that his contract right to sell defendant's automobiles has been invaded through the wrongful action of defendant may maintain a second action therefor after once having lost. We hold that such a plaintiff can not split that cause of action; that he must assert in his suit all wrongful acts on the part of defendant upon which he relies to show invasion of his asserted right and that, if he fails, he may not, later, recover in another suit for invasion of the same right by wrongful acts on defendant's part which he failed to assert in his original suit. It is clear that plaintiff suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or another of wrongful actions by defendant or to a combination of some or all of them. There is, under either view, but a single wrongful invasion of a single primary right, whether the acts constituting such invasion are one or many, simple or complex. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

The petition for rehearing is denied.