## WILLIAMSON v. COLUMBIA GAS & ELECTRIC CORP.

No. 10270.

United States Court of Appeals
Third Circuit.

Argued Nov. 9, 1950.

Decided Dec. 28, 1950.

Arthur G. Logan, Wilmington, Del. (Samuel R. Russell, Wilmington, Del., on the brief), for appellant.

Edward S. Pinney, New York City (Clarence A. Southerland, Wilmington, Del., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the application of the rules of res judicata to a civil suit brought by the plaintiff, through its trustee in bankruptcy, for injuries alleged to have been sustained because of the defendant's violation of the anti-trust laws.

This action, which we shall call action No. 1, was begun on February 14, 1938. It charged that the defendant, conspiring with certain other persons, had, in violation of the provisions of the anti-trust laws,[1] inflicted great injury upon the plaintiff. But as the complaint was amended it sought recovery against Columbia Gas and Electric Corporation alone, although other parties were named as having conspired with Columbia in the various transactions of which complaint is made.

Subsequently, on September 16, 1938, the plaintiff brought in the same court (the United States District Court for the District of Delaware) another action against the defendant charging injury in violation of the anti-trust laws.[2] This we shall call action No. 2. In this action the charge did not read in terms of conspiracy but alleged Columbia alone as the wrongdoer.

Thus we have two actions pending by the same plaintiff against the same defendant in the same court, each involving a suit

---

1. 15 U.S.C.A. §§ 1 and 2, commonly known as sections 1 and 2 of the Sherman Act.

2. 15 U.S.C.A. § 18, commonly known as section 7 of the Clayton Act. An individual is given the right to sue for treble damages for injuries resulting from violation of the anti-trust laws by 15 U.S. C.A. § 15.

for recovery of injuries alleged to have been sustained by action on the part of the defendant in violation of the anti-trust laws of the United States. Later to be examined is the identity, or substantial identity, of these suits.

The No. 2 action came to a conclusion first. On April 29, 1939, the court ordered "That the complaint in the * * * cause be and it hereby is dismissed. * * *"[3]

The whole question with which we have to do in this case involves the effect of this judgment for the defendant upon the plaintiff's No. 1 action. In the District Court, the defendant moved to dismiss action No. 1 because of its victory in action No. 2. The motion was granted and the plaintiff appeals. Our discussion of the main question will be divided into consideration of the several issues presented.

■ Assume for the moment that the subject-matter of action No. 1 is identical with subject-matter No. 2 so as to amount to the same "cause of action." Then we have two questions which may be disposed of first to clear the way for the most difficult thing about the case which is the assumption of identity just stated. The two questions are: (1) Does it matter for purposes of application of res judicata that the No. 2 action, later begun, was finished first? The answer to this question is no. The point is so well settled on authority that it is not a serious matter of contention in this case.[4] (2) The second question is, what of the fact that the recital contained in the order of dismissal, already quoted in the margin, mentioned a stipulation between the parties and the further fact that that stipulation had to do with the time in which the alleged cause of action accrued?

Here is what had occurred. Prior to the dismissal of action No. 2 the parties had entered into a stipulation. That stipulation provided that "The alleged right of action sued upon in this cause accrued not later than January 1, 1931." It was further agreed that if the court should consider the action barred by any applicable statute of limitations the pending motion to dismiss was to be granted. The plaintiff's theory at that time was that his action was not barred by the Delaware statute of limitations, and he evidently felt sufficiently confident of his position to enter into the stipulation which posed the legal issue of its correctness.

Subsequent events proved plaintiff's theory to be incorrect. Both the District Court and this Court held that the Delaware statute was applicable and the plaintiff's suit was begun too late.[5]

■ Does the fact that the judgment was entered for the defendant in action No. 2 on the basis that the action was barred by lapse of time preclude the application of res judicata to action No. 1, still assuming that the causes of action are identical? The answer to this question is likewise no. The adjudication in favor of the defendant operates as a bar to another suit on the same cause of action in the same jurisdiction.[6] The fact that the case was tried

3. The order of the court provided, "And now, to wit, this twenty-ninth day of April, A.D. 1939, the above-entitled cause coming on to be heard upon the motion of the defendant to dismiss the complaint filed in the above-entitled cause, and upon the stipulation of counsel filed in connection with the said motion, and counsel having been fully heard in the premises, it is

"Ordered by the Court that the complaint in the above entitled cause be and it is hereby dismissed, with costs against the plaintiff."

4. Restatement, Judgments § 43 (1942). "A valid and final judgment rendered in one action is conclusive in another action between the parties although the other action was commenced before rendition of the judgment or before the commencement of the action in which the judgment was rendered." See Chicago, R. I. & Pac. Ry. v. Schendel, 1926, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757; Hart Steel Co. v. Railroad Supply Co., 1917, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148.

5. Williamson v. Columbia Gas & Electric Corp., D.C.Del.1939, 27 F.Supp. 198, affirmed, 3 Cir.1939, 110 F.2d 15, certiorari denied, 1940, 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407.

6. Restatement, Judgments § 49, comment a (1942) (note that it does not bar the action in another state). Miller v. National City Bank of New York, 2 Cir.

upon stipulation of fact does not make it any the less a final adjudication of the plaintiff's claim.

█ With these minor points out of the way we now get to the main question in the case which was hypothetically assumed in the discussion just preceding. That question is whether action 1 and action 2 are substantially identical. If they are the rule of law is clear enough. "Where a valid and final personal judgment is rendered on the merits in favor of the defendant, the plaintiff cannot thereafter maintain an action on the original cause of action."[7] The general principle is well known and undisputed. The difficulty comes in its application to varying sets of facts.

The best way to find out what is involved in the two actions is to look at the claims made by the plaintiff. Neither case went to trial on the facts so all we have is what the plaintiff charges, plus the supplementary affidavits, motions, and the like, which led up to the action of the Trial Judge dismissing plaintiff's action No. 1. The plaintiff alleges its organization and entry into the gas business. It says that the defendant, seeking to crush out a competitor, acquired the controlling shareholder interest in the plaintiff company and proceeded to manipulate its affairs to the disadvantage of the plaintiff and the advantage of the defendant. It says that after the plaintiff went into receivership the defendant named and controlled the receiver and the final result was that the

plaintiff was forced into bankruptcy. This is a general statement; no attempt has been made to particularize individual charges.

The complaint in action No. 1 alleged that all this had been done as part of a continuing conspiracy in violation of Sections 1 and 2 of the Sherman Act, but, as amended, named only Columbia as defendant. The complaint in action No. 2, filed 7 months late, alleged that all that had transpired was in violation of Section 7 of the Clayton Act. The information set forth in the two complaints is substantially identical, plaintiff merely using words of conspiracy in the first action and replacing them with allegations that defendant did the same things on its own or through its agents in the second action. The wrongful acts alleged on the part of the defendant and the damages alleged to have been sustained by the plaintiff are practically identical in both suits. Indeed, the identity of the damage claims is almost startling, for except for a few figures with regard to interest the allegations of the particular items of damage are alike to the penny.

Nevertheless, plaintiff says the causes of action are different. We therefore proceed to examine the reasons stated to show the difference. .

One alleged difference is that action No. 2 was a claim against Columbia as a sole tortfeasor and action No. 1 is a claim against Columbia as a conspirator. It is true that the complaint in No. 1 contains allegations of conspiracy and the complaint in action No. 2 did not. We do not think, however, that this constitutes a difference

---

1948, 166 F.2d 723; Liken v. Shaffer, 8 Cir.1944, 141 F.2d 877, 882, certiorari denied, 1944, 323 U.S. 756, 65 S.Ct. 90, 89 L.Ed. 605. In Angel v. Bullington, 1947, 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832, Justice Frankfurter said, "It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State. Such a situation is presented when the first decision is based * * *

on the inaccessibility of all the courts of the State to such litigation."

Although we need not rely on it here, the same result can be reached by a literal application of the Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 41(b) provides that, with certain exceptions not pertinent here, an involuntary dismissal operates as an adjudication upon the merits unless the order otherwise specifies. The court in action No. 2 did not otherwise specify in its order of dismissal based on the bar of the statute of limitations.

7. Restatement, Judgments § 48 (1942). Cromwell v. County of Sac, 1876, 94 U.S. 351, 352, 24 L.Ed. 195.

if the other elements alleged by the plaintiff are the same. Columbia was sought to be held as the party defendant in both suits. Whether Columbia is sought to be held as a sole tortfeasor or sued singly as one of several tortfeasors, assuming the injury is the same, does not matter. Several people getting together to do wrong to another do not commit a tort at the time they make their agreement, although they may commit a crime. The tort action arises when harm is done to the plaintiff. Then he may hold all the conspirators responsible for things done in pursuance of the conspiracy by any of them. But if he seeks to hold only one conspirator liable, as he may for the tort, since the liability is joint and several,[8] he has not claimed anything substantially different from what he claims if he sues the sole conspirator as an individual tortfeasor.[9] So we think, therefore, the presence of conspiracy allegations in action No. 1 and their absence in action No. 2 does not change the substance of the two claims.

■■ Another difference claimed by the plaintiff in the two actions is that one suit is said to rest on the Sherman Act and the other on the Clayton Act. This argument carries no weight. While the rule may not have been clear at one time,[10] we think it is now the law that the fact that different statutes are relied on does not render the claims different "causes of action" for purposes of res judicata.[11] Plaintiff relies on the case of United Shoe Machinery Corp. v. United States, 1922, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708, as setting forth a different rule. That case held that judgment for defendant in a suit by the government seeking dissolution of the corporation because of restrictive lease practices in violation of the Sherman Act did not bar a suit by the government against the same defendant seeking to enjoin the same restrictive lease provisions, because they violated the Clayton Act. We do not think that case applies to our present situation. There both suits were brought by the government to protect public rather than private interests. The gist of such actions is the doing of various things forbidden by the anti-trust acts, not as here, the injury resulting from the doing of the acts. The things forbidden in the Sherman Act are clearly not always the same as those forbidden by the Clayton Act, and the tests as to when a suit by the government based on one will bar a suit based on the other are much the same as those on a plea of former acquittal or double jeopardy in criminal actions. This view finds support in the Seventh Circuit. F. L. Mendez & Co. v. General Motors Corp., 7 Cir.1947, 161 F.2d 695, certiorari denied 1947, 332 U.S. 810, 68 S.Ct. 111, 92 L.Ed. 387.

8. See McCandless v. Furlaud, 1935, 296 U.S. 140, 165, 56 S.Ct. 41, 80 L.Ed. 121; Lesnik v. Public Industrials Corp., 2 Cir. 1944, 144 F.2d 968.

9. Where the acts are tortious without regard to the conspiracy, and where the conspiracy allegations are not necessary to render defendant liable for damages resulting from the acts of others, the conspiracy allegations have been regarded as surplusage. See, for instance, Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 2 Cir.1943, 133 F.2d 187.

10. See Troxell v. Delaware, Lackawanna & Western R. R., 1913, 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586. And see, for instance, the old rule of "departure from law to law", applied in Union Pacific Railway Co. v. Wyler, 1895, 158 U.S. 285, 15 S.Ct. 877, 882, 39 L.Ed. 983, and disapproved in United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619; Missouri, Kansas & Texas Ry. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. See Fed.R. Civ.P. 15(c); Clark, Code Pleading § 116 (2d ed. 1947).

11. F. L. Mendez & Co. v. General Motors Corp., 7 Cir.1947, 161 F.2d 695, certiorari denied, 1947, 332 U.S. 810, 68 S.Ct. 111, 92 L.Ed. 387. See United States v. California & Oregon Land Co., 1904, 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476, where Justice Holmes said, "But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim * * * and, a fortiori, he cannot divide the grounds of recovery." To the same effect, see Grubb v. Public Utilities Comm'n. of Ohio, 1930, 281 U.S. 470, 478, 50 S.Ct. 374, 74 L.Ed. 972; Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 325, 47 S.Ct. 600, 71 L.Ed. 1069; Restatement, Judgments § 63 (1942).

██ Also not in point, we think, are the cases cited by plaintiff in which the question involved was whether a plaintiff is required to state in separate counts[12] claims based on the Sherman Act and claims based on the Clayton Act. The purpose of the requirement of separate counts is to clarify the issues and simplify the trial, and thus the considerations in determining what are separate "causes of action" or claims for that purpose are not the same as those when the question is res judicata. As has often been said, the phrase "cause of action" means different things in different contexts.[13]

██ Does action No. 1 differ from action No. 2 because the conspiracy charged in action No. 1 is alleged to be a continuing one? In a civil conspiracy suit each invasion of plaintiff's interest resulting from the conspiracy creates a new cause of action when the question is the application of the bar of the statute of limitations.[14] This rule would be controlling if the issue here was whether the statute of limitations bars all or a part of the damages claimed by plaintiff as a result of a continuing conspiracy. But if the cause of action is the same, the principle of res judicata prevents our reaching that question, not because it was actually decided in action No. 2, but because the judgment is a final determination of not only what was actually in issue but what might have been in issue had it been raised. We do not think that the definition of "cause of action" in these cases is controlling on the question before us. The determination of the meaning of "cause of action" for purposes of deciding whether or not a person has slept on his rights is of little aid in deciding whether a prior judgment is a bar to the present action.

██ The purpose of the principle of res judicata is to end litigation. The theory is that parties should not have to litigate issues which they have already litigated or had a reasonable opportunity to litigate.[15] A reading of the early cases as compared with recent ones makes it clear that the meaning of "cause of action" for res judicata purposes is much broader today than it was earlier. Formerly the whole aim in pleading, and in the elaborate system of writs, was to frame one single legal issue. That being the guiding principle, the phrase "cause of action" came to have a very narrow meaning. If the theory in the second suit was unavailable under the writ used in the first suit, the plaintiff had no opportunity to litigate it there and so plaintiff was not barred by res judicata. The force of the rule is still operative[16] but the scope of its operation has been greatly limited by the modernization of our

12. See Fed. Rules Civ.Proc., 10(b). Hansen Packing Co. v. Armour & Co., D.C.S.D.N.Y.1936, 16 F.Supp. 784, 787; see La Chappelle v. United Shoe Machinery Corp., D.C.Mass.1936, 13 F.Supp. 939; cf. Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 2 Cir.1943, 133 F.2d 187; Buckeye Powder Co. v. E. I. Du Pont de Nemours Powder Co., 1918, 248 U.S. 55, 39 S.Ct. 38, 63 L.Ed. 123.

13. See Hurn v. Oursler, 1933, 289 U.S. 238, 247, 53 S.Ct. 586, 77 L.Ed. 1148; United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 68, 53 S.Ct. 278, 77 L.Ed. 619; Collins v. Metro-Goldwyn Pictures Corp., 2 Cir.1949, 106 F.2d 83, 86-87; Restatement, Judgments, p. 239 (1942); Cleary, Res Judicata Reexamined, 57 Yale L.J. 339, 341 (1948).

14. Momand v. Universal Film Exchanges, D.C.Mass.1942, 43 F.Supp. 996, 1006, affirmed, 1 Cir.1948, 172 F.2d 37, 49, certiorari denied, 1949, 336 U.S. 967, 69 S.

Ct. 939, 93 L.Ed. 1118; Bluefields S. S. Co. v. United Fruit Co., 3 Cir.1917, 243 F. 1, 20, dismissed per stipulation, 1919, 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438; Burnham Chemical Co. v. Borax Consolidated, Ltd., 9 Cir.1948, 170 F.2d 569, 578, certiorari denied 1949, 336 U.S. 924, 69 S.Ct. 655, 93 L.Ed. 1086; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir.1934, 73 F.2d 333, 335, certiorari denied 1935, 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251.

15. Moore, Federal Practice § 2.06[6] (2d ed. 1948); Clark, Code Pleading, pp. 144, 472-90 (2d ed. 1947). See Hopkins v. Lee, 1821, 6 Wheat. 108, 112, 5 L.Ed. 218; Young v. Black, 1813, 7 Cranch 565, 567, 3 L.Ed. 440; Columb v. Webster Mfg. Co., 1 Cir.1898, 84 F. 592, 594, 595, 43 L.R.A. 195.

16. Restatement, Judgments § 65(2) (1942).

470

procedure. The principle which pervades the modern systems of pleading, especially the federal system, as exemplified by the free permissive joinder of claims, liberal amendment provisions, and compulsory counterclaims, is that the whole controversy between the parties may and often must be brought before the same court in the same action. The instant case presents an excellent example of one of the things these rules were designed to avoid. As pointed out above, the acts complained of and the demand for recovery are the same. The only thing that is different is the theory of recovery. The same witnesses and documents will be necessary in the trial in both cases. No material fact is alleged in action No. 1 that was not alleged in action No. 2, save the allegations of conspiracy. Everything that plaintiff was entitled to ask for from defendant was included in action No. 2.

Reference to the basic theory of tort liability substantiates the position taken here. To put it in rather elementary tort language, the basis of the plaintiff's recovery is liability-creating conduct on the part of the defendant, the invasion of a legally protected interest of the plaintiff and the necessary causal connection between defendant's acts and plaintiff's injury.[17] The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not.

The points discussed here were all treated in the well-considered opinion of the District Judge. What we do is put in our own words our reasons for thinking that he was right. The judgment will be affirmed.

---

17. Restatement, Torts § 281 (1934).