DOLCIZIA PAGANO, Appellant, *v.* LEO ARNSTEIN, as Commissioner of Welfare of the City of New York Public Welfare District, Respondent.

Argued February 24, 1944; decided April 13, 1944.

*C. Elmer Spedick* and *Arthur L. Reuter* for appellant. The judgment in the *Schaeffler* case does not bar this action. (*Jasper* v. *Rozinski*, 228 N. Y. 349; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Merchants' Bank* v. *Thomson et al.*, 55 N. Y. 11; *Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127; *Second National Bank of Cooperstown* v. *Calvert*, 152 Misc. 884; *Malloney* v. *Horan*, 49 N. Y. 111; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Brown* v. *Gallaudet*, 80 N. Y. 413; *Rosenberg* v. *Slotchin*, 181 App. Div. 137; *Robinson* v. *Whitaker Nos. 1–4*, 205 App. Div. 286; *Stannard* v. *Hubbell*, 123 N. Y. 520.)

*Ignatius M. Wilkinson, Corporation Counsel* (*Louis M. Weintraub, Julius Isaacs* and *Sol W. Aronson* of counsel), for respondent. Appellant is barred in this action by the rule of *res judicata* since the same facts upon which relief is sought were pleaded in a prior action between the same parties. The same issues are now involved and the relief now sought would impair or destroy the judgment rendered in favor of respondent in the prior action. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Hellstern* v. *Hellstern*, 279 N. Y. 327; *Pray et al.* v. *Hegeman et al.*, 98 N. Y. 351; *Butterly* v. *Maribert Realty Corp.*, 234 App. Div. 424, 260 N. Y. 554; *Elna Realty Co., Inc.*, v. *Mamaquarro Apartments Corp.*, 234 App. Div. 105; *Jordan* v. *Van Epps,* 85 N. Y. 427; 1 Wiltsie on Mortgage Foreclosures, 5th ed., § 148.)

LEHMAN, Ch. J. The complaint in this action has been dismissed on the ground that a prior adjudication conclusively bars the plaintiff from asserting the cause of action pleaded in the complaint. The sole question presented upon this appeal is whether the matter pleaded in the complaint has been litigated or could have been litigated in the prior action and " the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307, 308.)

We state briefly the facts alleged in the complaint. In 1941 a judgment of foreclosure and sale was made and entered in an action entitled *Scott* v. *Schaeffler* brought by Marie Kraus Scott to foreclose a mortgage executed in 1898 upon real property in Queens County. At the sale at public auction held pursuant to the judgment, Marie Kraus Scott was the successful bidder and the referee conveyed the property to her by deed dated March 6, 1942. Thereafter the property was purchased by the plaintiff from Marie Kraus Scott, who conveyed it to the plaintiff by " full covenant and warranty deed " dated July 2, 1942. The City of New York was named as a party defendant in the foreclosure action of *Scott* v. *Schaeffler,* and the complaint in that action alleged that the plaintiff Scott " had been advised by the Department of Welfare of the City of New York that said Department held a bond and mortgage

affecting the said premises in the sum of $2,100." The City of New York did not appear in that action. The gist of the asserted cause of action is that in spite of the judgment in that action the defendant Commissioner of Welfare of the City of New York Welfare District now " claims that the mortgage made to his predecessor, as hereinabove alleged, is a valid lien upon the premises " and that he has a lien upon said mortgaged premises or some part thereof, " which interest or claim, if any, has accrued subsequent to the lien of the mortgage," executed in 1898, " and is subordinate thereunto."

Upon these allegations the plaintiff prays that the mortgage executed in 1898 and foreclosed in 1942 " be revived, and plaintiff be adjudged and decreed to be the owner and holder thereof, and that plaintiff have judgment that the defendant and all persons claiming under him * * * be barred and foreclosed of all right, claim, lien, and equity of redemption in the said mortgaged premises ". The defendant moved pursuant to rule 107, subdivision 5, of the Rules of Civil Practice for judgment dismissing the complaint on the ground that " there is an existing final judgment or decree of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties." The judgment relied upon as a conclusive prior adjudication was rendered in an action entitled *Arnstein, as Commissioner, etc.* v. *Schaeffler et al.* in April, 1943, in which Dolcizia Pagano, the plaintiff appellant in the action which is the subject of this appeal, was the sole defendant who was served. Hereinafter, in the interest of brevity and clarity, we refer to that action as the *Arnstein* v. *Pagano* action.

The action of *Arnstein* v. *Pagano* was brought to foreclose the same mortgage owned by the Commissioner of Welfare of the City of New York Welfare District which the appellant Pagano now claims is subordinate to the lien of the mortgage which was foreclosed in the action of *Scott* v. *Schaeffler*. The complaint in the action of *Arnstein* v. *Pagano* alleges the same chain of title in the appellant Pagano as she alleges in the complaint which has been dismissed, viz., the deed to Scott dated March 6, 1942, and the deed by Scott to Pagano dated July 2, 1942. The appellant Pagano, as the sole defendant in that action, interposed an answer in which she alleged as a defense the same facts as she now alleges as plaintiff in the complaint which has been dismissed, but she did not in that

answer ask, as she now does, for an affirmative judgment that the mortgage executed in 1898 and foreclosed in the action of *Scott* v. *Schaeffler* be " revived "; that she be subrogated to the rights of Mrs. Scott as owner of the premises and that she be permitted to foreclose the mortgage so revived.

The pleadings in the action of *Arnstein* v. *Pagano* put in issue the question whether the " interest or lien " of Mrs. Pagano was subordinate to the lien of the Commissioner of Welfare. That issue was determined against Mrs. Pagano by a finding of the court that the " defendants have or claim to have some interest or a lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the said [plaintiff's] mortgage and is subordinate to the plaintiff's lien and rights." Accordingly the judgment provides that the " defendant, Dolcizia Pagano, and all persons claiming under her, * * * be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption of the premises, and each and every part thereof."

The motion for judgment dismissing the complaint in the action brought by Mrs. Pagano does not challenge the sufficiency of the facts alleged in the complaint to constitute a cause of action (cf. *Moulton* v. *Cornish*, 138 N. Y. 133, 145; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292); nor does the motion challenge the truth of these allegations. The sole question presented upon that motion is whether Mrs. Pagano may bring an action to bar and foreclose the lien of the mortgage owned by the Commissioner of Welfare *after* an adjudication in a prior action that her " interest or lien " in the premises is " subordinate " to the lien of the mortgage of the Commissioner of Welfare and that she is " forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption of the premises and each and every part thereof."

Whether the " interest or lien " acquired by Mrs. Pagano under the deed from Mrs. Scott is subordinate to the lien of the mortgage of the Commissioner of Welfare is the question which Mrs. Pagano litigated in that action. The adjudication against her may not be questioned by her in a collateral action. (*Goebel* v. *Iffla*, 111 N. Y. 170; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9.)

The judgment in the prior action is conclusive upon the parties " not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp., supra,* p. 306.) The appellant, Mrs. Pagano, may challenge the prior judgment upon the appeal which we are informed is pending in the Appellate Division. She may there urge that the lien of the mortgage of the Commissioner of Welfare was foreclosed and barred by the judgment of foreclosure of a prior mortgage in the action of *Scott* v. *Schaeffler* to which the City of New York was a party. Perhaps she may even urge there that if the lien of the Commissioner was not barred by the judgment in the action of *Scott* v. *Schaeffler,* yet the facts alleged in the answer of Mrs. Pagano in the action of *Arnstein* v. *Pagano* established as an " equitable defense " a right to the equitable relief which she seeks by independent action, though in *Arnstein* v. *Pagano* she may have failed to ask such relief expressly. (Cf. *Susquehanna S. S. Co.* v. *Andersen & Co.,* 239 N. Y. 285, 290 *et seq.*) These are matters which we may not consider and decide now.

Nor may we consider whether Mrs. Pagano may still ask the court at Special Term to exercise its inherent power to vacate the judgment in *Arnstein* v. *Pagano* " for sufficient reason and in the interests of substantial justice " in order to give Mrs. Pagano opportunity to ask in that action for the relief which she is barred from asking in a later action. (Cf. *Matter of Automatic Chain Co.,* 134 App. Div. 863, 866, affd. 198 N. Y. 618; In *Matter of City of Buffalo,* 78 N. Y. 362, 370; *Hatch et al.* v. *Central National Bank,* 78 N. Y. 487; *Vanderbilt* v. *Schreyer,* 81 N. Y. 646; *Fuhrmann* v. *Fanroth,* 254 N. Y. 479, 482, 484.) We decide only that the courts below correctly held that so long as the judgment in *Arnstein* v. *Pagano* remains in force it is a conclusive adjudication upon the merits determining the cause of action pleaded by Mrs. Pagano in the subsequent action.

The judgment should be affirmed, without costs.

LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; THACHER, J., taking no part.

Judgment affirmed.