Milton S. **KOBLITZ**, Plaintiff,

v.

The **BALTIMORE AND OHIO RAIL-ROAD COMPANY**, Defendant.

United States District Court
S. D. New York.
July 9, 1958.

Nathan B. Kogan, Louis Boehm, New York City, for plaintiff. David M. Palley, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant. Ralph L. McAfee, George M. Billings, John D. Calhoun, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Defendant moves for summary judgment, pursuant to Rule 56(b), Fed.Rules Civ.Proc., 28 U.S.C.A., on the grounds, first, that judgment in a prior action in this court is res judicata as to the cause of action alleged in the complaint, and second, that the cause of action is barred by the applicable New York statutes of limitation.

This action, commenced on February 15, 1957 in the New York Supreme Court, was removed to this court on defendant's petition on March 7, 1957. Plaintiff, the owner of $50,000 principal amount of bonds of The Alton Railroad Company (hereinafter referred to as "Alton"), sues, in a representative class action, on behalf of himself and all other owners of some $45,000,000 principal amount of Alton bonds. The complaint alleges that between 1931 and 1942 defendant Baltimore & Ohio Railroad Company (hereinafter referred to as "B. & O."), which was then the sole stockholder of Alton, and completely controlled and dominated its affairs, entered into a conspiracy with Alton to defraud Alton's creditors, including its bondholders. It is alleged that in pursuance of the conspiracy Alton elected as its officers and directors employees of B. & O. and became in essence a mere agency of the B. & O. railroad system. Plaintiff charges that B. & O., with the consent and cooperation of Alton, mismanaged and milked Alton by, among other things, appropriating Alton's property and using it for its own purposes without fair compensation, diverting Alton's traffic and income, offsetting Alton's losses against its own profits, thereby depriving Alton of loss carry-overs, charging Alton excessive prices for the use of B. & O. equipment, and taking from Alton an unfair percentage of interchange revenue.

It is alleged that these acts and transactions caused Alton to default in the payment of interest on its bonds in April 1941 and resulted in Alton's reorganization under Section 77, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. b. The reorganization commenced on November 25, 1942 and ended May 31, 1947 with the confirmation of a plan under which Alton bondholders received $375 for each $1,000 principal amount of bonds held. Since the claims of the Alton bondholders were allowed in full in the reorganization proceedings it is asserted that plaintiff and the other Alton bondholders are in the position of judgment creditors whose claims have been unsatisfied after execution levied except to the extent provided in the reorganization plan. It is claimed that the sum of $28,343,750, the unpaid principal amount of the Alton bonds, with interest from April 1, 1941, is due and owing to the Alton bondholders from B. & O., and that this amount could not be ascertained and determined until the entry of the order in the reorganization proceedings approving the plan on May 31, 1947. Judgment is sought adjudging that Alton was merely an agent and instrumentality of B. & O., and for an accounting of all income diverted and profits made and damages caused by B. & O. as a result of the acts and transactions alleged in the complaint.

The judgments which the defendant relies upon as constituting res judicata on this cause of action were entered on

March 7, 1955 and January 23, 1957 in an action in this court commenced on May 7, 1952 by Koblitz, the plaintiff here, and others, as plaintiffs against B. & O. as defendant. Reiser v. Baltimore & Ohio R. Co., D.C., 123 F.Supp. 44.

The prior action was also a representative class action brought by a number of Alton bondholders, including plaintiff Koblitz, on behalf of themselves and all other bondholders. The amended complaint in that action alleged in somewhat more detail the same acts and transactions by B. & O. with regard to Alton which are charged in the present complaint, as well as the same facts with respect to the Section 77, sub. b proceeding and the confirmation of the plan and the partial payments made to the bondholders thereunder. In the first cause of action the acts and transactions of B. & O. "in violation of its fiduciary duties" were alleged to have caused "loss, damage and injury to Alton, *to the holders of Alton Bonds* and to the property and assets covered by the lien of the mortgage securing the Alton Bonds," in the amount of $28,343,750, the principal balance of the bonds remaining unpaid after the receipt by the Alton bondholders of the sum provided by the confirmed plan in the section 77, sub. b reorganization. The second cause of action realleged all of the allegations of the first, and further alleged that

> "The acts and transactions complained of also constitute a fraud practiced by the defendant upon Alton and the holders of Alton Bonds, including the plaintiffs."

Judgment was sought in the sum of "not less than $28,343,750", the unpaid balance on the Alton bonds with interest from the date of default, for distribution to the Alton bondholders by a receiver to be appointed by the court.

In the prior Reiser-Koblitz action defendant B. & O. moved for summary judgment on the ground that the claims asserted were barred by the three-year or six-year New York statutes of limitations. New York Civil Practice Act, §§ 49(7), 47–a, 48(1, 8). It also moved in the alternative for the dismissal of all claims accruing prior to May 7, 1942, ten years before the commencement of the action, as barred in any event by the New York ten-year statute of limitations. New York Civil Practice Act, § 53. The District Court held that the three-year and six-year statutes did not apply but granted partial summary judgment based upon the ten-year statute barring all claims which did not accrue within the ten-year period prior to commencement of the action. 123 F.Supp. 44.

On appeal the Court of Appeals affirmed the judgment of the District Court. However, its reasoning differed from that of the court below and its affirmance was upon the express ground that "the pertinent period of limitations is either (a) three years, under the New York Civil Practice Act, Section 49, subdivision 7, or (b) six years, under Section 48, subdivision 1 or 8," and that the causes of action alleged were, at the least, barred by the six-year statute. 228 F.2d 563, 565.

Relying on the decision of the Court of Appeals, defendant B. & O. again moved for full summary judgment in the District Court. The District Court granted the motion, holding that, as the Court of Appeals had stated, "making assumptions most generous to the plaintiffs, suit on the claims against B & O were barred on November 25, 1948, i. e. six years from the appointment of Alton's bankruptcy trustee on November 25, 1942." Judgment was accordingly entered on January 23, 1957 dismissing the complaint on the merits. An appeal from this judgment was dismissed by the Court of Appeals for lack of prosecution on April 16, 1957, a motion to reinstate the appeal was denied May 8, 1957, and a petition for rehearing was denied June 4, 1957.

In the meantime, Koblitz, sans the other former plaintiffs, on February 15, 1957 had commenced the present action against B. & O.

The plaintiff in the present action was also a plaintiff in the prior action and B. & O. was the sole defendant in both. Both actions were representative class

actions on behalf of the Alton bondholders. The same wrongful acts and transactions by B. & O. are alleged in each. The issues in both actions concern the same alleged wrongful mismanagement and looting of Alton by B. & O. to the detriment of the bondholders. In each the bondholders are alleged to be in the position of judgment creditors with execution partially unsatisfied. In each recovery is sought for the loss and damage to the bondholders allegedly resulting from these wrongful acts on the part of B. & O. Each action is in the same jurisdiction.

It could therefore be anticipated that the judgment in the prior action dismissing the complaint on the merits would be a complete bar to a suit on the cause of action alleged in the present complaint. This would be true whether the prior adjudication had been based on a determination of the ultimate substantive merits of plaintiff's claim or upon the bar of a statute of limitations of the same jurisdiction. Williamson v. Colombia Gas & Electric Corp., 3 Cir., 186 F.2d 464, certiorari denied 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355; Miller v. National City Bank of New York, 2 Cir., 166 F.2d 723; Liken v. Shaffer, 8 Cir., 141 F.2d 877, 882, certiorari denied *sub nom* Wilson v. Shaffer, 323 U.S. 756, 65 S.Ct. 90, 89 L.Ed. 605. See, also, Angel v. Bullington, 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832. The estoppel here is direct estoppel by judgment and the prior judgment would therefore be conclusive upon the parties not only as to the matters actually litigated but as to any which might have been litigated. Angel v. Bullington, supra; Jackson v. Irving Trust Co., 311 U.S. 494, 61 S.Ct. 326, 85 L.Ed. 297; Intertype Corp. v. Clark-Congress Corp., 7 Cir., 240 F.2d 375; Pagano v. Arnstein, 292 N.Y. 326, 55 N.E.2d 181.

However, plaintiff claims that these well-settled principles are not applicable here because there is a basic and fundamental difference in theory between the causes of action alleged in the prior complaint and that alleged in the complaint in the case at bar. In the first action, says the plaintiff, the causes of action alleged were predicated upon wrongs done to Alton by B. & O. and plaintiffs there were suing in the right of Alton, their debtor, to recover for such wrongs. These causes of action were therefore, plaintiff asserts, purely derivative since they belonged to and were an asset of Alton in whose shoes plaintiffs, as Alton's creditors, stood.

In the present action, plaintiff says, the cause of action asserted charges a direct wrong against the bondholders by B. & O. in conspiracy with Alton. Plaintiff asserts, therefore, that the holding in the prior case that the causes of action pleaded were barred by the six-year New York statute of limitations related only to a derivative cause of action in favor of Alton which was there being asserted by the bondholders and has no application to the present cause of action for direct injury to the bondholders by B. & O. and Alton in combination.

This contention seems to me to be wholly without merit for a number of reasons.

In the first place, comparison of the complaint in the present action with that in the prior action belies the distinctions between them which plaintiff seeks to make. Moreover, such distinctions are also belied by, and, indeed, fly in the face of, the decision of the Court of Appeals upon which the prior judgment was based.

The first cause of action in the prior suit expressly alleged that the acts and transactions of B. & O. which were complained of caused loss, damage and injury "to the holders of Alton Bonds" as well as to Alton itself. The second cause of action specifically alleged that such acts and transactions "also constitute a fraud practiced by the defendant [B. & O.] upon * * * the holders of Alton Bonds, including the plaintiffs" as well as upon Alton.

Thus, the complaint in the first action, like the one in the case at bar, sought recovery for an alleged direct injury to the

bondholders as a result of the acts and transactions by the same defendant B. & O.

Moreover, the very contention which plaintiff now makes was made by the plaintiff before the Court of Appeals in the prior action and rejected by that court. As Judge Frank, writing for the court, said (228 F.2d 564–565):

"However, plaintiffs contend that they suffered a direct and independent injury, apart from that done to Alton, and that a cause of action based on such injury accrued only after they had obtained a judgment with execution thereon returned unsatisfied. The crucial question here is whether the alleged acts of B & O (a) constitute harms to Alton, and but indirectly to plaintiffs, Alton's bondholders, and/or (b) constitute harms done directly to those bondholders. Absent a statute, we think they clearly came within the first category.

"Alton, for these harms, could have held B & O liable; and so could Alton's bankruptcy trustee, as Alton's successor. Like the trustee, the plaintiffs stand in Alton's shoes; they have no shoes of their own. * * * "

The court assumed, *arguendo*, "that conceivably there might be facts * * giving rise to such an independent cause of action, even in the absence of a statute, which the creditors could not pursue until they obtained a judgment and execution thereon was returned unsatisfied." Note 1a, at page 564. But it expressly stated that such facts would have to be "other than those here". The complaint in the case at bar relies on precisely the same facts as those before the Court of Appeals in the prior action, and upon none other than those. These same facts repeated can scarcely give rise to a direct and independent cause of action in the plaintiff when the Court of Appeals held that they could not. To hold otherwise would destroy the very basis on which the previous judgment was rendered, and in effect nullify it. Cf. Statter v. Statter,

2 N.Y.2d 668, 163 N.Y.S.2d 13, 143 N.E. 2d 10.

The only difference between the two complaints to which plaintiff can point, (apart from a mere rephrasing of the prayer for relief which is of no significance), is the allegation in the present complaint which charges a conspiracy between B. & O. and Alton to defraud the Alton bondholders. In the present complaint Alton is claimed to have been a partner in, rather than a victim of, the allegedly fraudulent B. & O. scheme.

But this does not aid the plaintiff, nor does it give rise to any new or different cause of action by the plaintiff against B. & O. The fact that a tort or fraud is alleged to have been committed by a defendant in concert or conspiracy with another adds nothing to a cause of action against such defendant for such a wrong. There is no civil liability for conspiracy per se. The cause of action alleged is for the same wrong regardless of the added allegations of conspiracy, the only effect of which may be to change the individual liability of the defendant into a joint and several liability against both the defendant and the other alleged participants in the wrong. Williamson v. Columbia Gas & Electric Corp., 3 Cir., supra; Lewis Invisible Stitch Mach. Co. v. Columbia Blindstitch Mach. Mfg. Corp., 2 Cir., 80 F.2d 862, 864; Howland v. Corn, 2 Cir., 232 F. 35, 40; Brackett v. Griswold, 112 N.Y. 454, 466–467, 20 N.E. 376; Green v. Davies, 182 N.Y. 499, 75 N.E. 536.

As Judge Goodrich, writing for the court in the Williamson case, said (186 F.2d at page 470):

"The plaintiff having alleged operative facts which state a cause of action because he tells of defendant's misconduct and his own harm has had his day in court. He does not get another day after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights. The problem of his rights against the defendant based upon the alleged

372

wrongful acts is fully before the court whether all the reasons for recovery were stated to the court or not."

Here the wrongs complained of, the harm to the plaintiff and the recovery sought are substantially identical. The same witnesses and the proof of the same facts would be necessary to establish the cause of action now pleaded as would have been necessary to establish the allegations of the prior complaint and would support both actions. There is but one cause of action, the same alleged wrongful invasion of the same primary rights of the plaintiff and the class which he claims to represent, which has already been conclusively adjudicated against him. Miller v. United States Gypsum Co., 2 Cir., 96 F.2d 69; F. L. Mendez & Co. v. General Motors Corp., 7 Cir., 161 F.2d 695, 698, certiorari denied 332 U.S. 810, 68 S.Ct. 111, 92 L.Ed. 387; United States v. United States Gypsum Co., D.C. D.C., 51 F.Supp. 613, 623; Woodbury v. Porter, 8 Cir., 158 F.2d 194.

To the extent, if at all, that the allegations of the present complaint are dissimilar to those in the prior action, all the facts now pleaded were known to the plaintiff and could have been presented in the first action. See Nichols v. Alker, 2 Cir., 231 F.2d 68, 79, certiorari denied 352 U.S. 829, 77 S.Ct. 42, 1 L.Ed.2d 51.

■ These bondholders, as Judge Frank said, must stand in Alton's shoes if they are to stand at all, since they have no shoes of their own. Plaintiff's attempt to evade the conclusive effect of the prior judgment by fashioning shoes of its own on the last of this new complaint, fails completely. The prior holding that his cause of action was barred, at the least, by the New York six-year statute of limitations is a final adjudication against plaintiff on the merits, and bars this subsequent suit by plaintiff on the same cause of action within the same jurisdiction. Williamson v. Columbia Gas & Electric Corp., supra; Miller v. National City Bank of New York, supra; Liken v. Shaffer, supra. See, also, Angel v. Bullington, supra.

What I have said makes it unnecessary to pass upon the further question of whether, if plaintiff had a cause of action which was direct and independent, it would also be barred, as seems likely, by one or another of the various New York statutes of limitation.

Defendant's motion for summary judgment is granted and the Clerk is directed to enter judgment dismissing the complaint on the merits with costs.