MARVIN R. DYE et al., as Trustees for Bondholders Under a Trust with STANDARD ROCHESTER BREWING Co., INC., Respondents, v. LINCOLN FIRST BANK OF ROCHESTER, Formerly LINCOLN ROCHESTER TRUST COMPANY, et al., Appellants.

Fourth Department, December 5, 1974.

*Wiser, Shaw, Freeman, VanGraafeiland, Harter & Secrest* (*Ellsworth VanGraafeiland* of counsel), for Myron S. Lewis and others, appellants.

*Nixon, Hargrave, Devans & Doyle* (*G. Robert Witmer, Jr.,* of counsel), for Lincoln First Bank of Rochester, appellant.

*Whitbeck, Holloran & Keigher* (*Walter J. Holloran* of counsel), for respondents.

MARSH, P. J. This is an appeal by defendant-appellant Lincoln First Bank of Rochester ("Lincoln") and defendants-appellants Myron S., Aaron and Ephraim C. Lewis ("defendants Lewis") from a judgment after trial which set aside two subordination of mortgage agreements signed by the predecessors of plaintiffs-respondents Marvin R. Dye, Robert H. Wendt, and Albert E. Wishmeyer, trustees for bondholders under a certain instrument of trust with Standard Rochester Brewing Co., dated September, 1956 ("plaintiff trustees"), which reinstated plaintiff-trustees' trust mortgage to its prior position as a first mortgage lien upon the subject premises and granted leave to plaintiffs to amend their complaint in a pending mortgage foreclosure action.

Plaintiffs commenced this action subsequent to the affirmance by the Court of Appeals of this court's determination reversing an order granting summary judgment in favor of plaintiffs Dye, *et al.* and granting summary judgment in favor of defendant Lincoln Rochester Trust Company with respect to the superiority of its mortgage liens over plaintiff-trustees' bondholders' mortgage and declaring the validity of two postponement and subordination of mortgage agreements executed by plaintiff-trustees' predecessors in favor of defendant Lincoln Rochester

Trust Company (*Dye* v. *Lincoln Rochester Trust Co.,* 40 A D 2d 583, affd. 31 N Y 2d 1012).

A determination of the applicability of the doctrine of *res judicata* is dispositive of the crucial issue raised upon this appeal. On the prior appeal the complaint of the trustees asked a judgment of foreclosure of all the rights of the persons named as defendants having interests inferior to its own mortgage lien. The answer of Lincoln Rochester Trust Company asserted the existence of the subordination and postponement of mortgage agreements with the predecessor-trustees and the defendants Lewis, which agreements made Lincoln's mortgage superior to the bondholders' mortgage. In an affidavit supporting the trustees' motion for summary judgment against Lincoln, trustee Robert H. Wendt asserted that the subordination agreement affirmative defense raised no triable issue of fact.

The aspect of estoppel by judgment with which we are concerned is limited to *res judicata.* We are not dealing with collateral estoppel. The allegation of bad faith on the part of plaintiff-trustees' predecessors and notice to Lincoln of a breach of trust were not alleged in the prior action and is now asserted for the first time in this action.

The formulation of the principle of *res judicata* is well stated in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.* (250 N. Y. 304, 306–307): " A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ". (See, also, *Ripley* v. *Storer,* 309 N. Y. 506.)

The judicial concept of the principle of *res judicata* has not significantly changed in the last hundred years.

" The general rule is well settled that the estoppel of the former judgment extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered * * *. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision, is for the purpose of the estoppel deemed to have been actually decided. * * * Conclusions of law or fact, which necessarily flow from a judg-

ment, although not expressly found, are not incidental or collateral so as to remove them from the scope of the estoppel '' (*Pray* v. *Hegeman,* 98 N. Y. 351, 358).

In the above case the court had established in prior litigation the validity of a trust against an attack which asserted a violation of the Rule against Perpetuities. The second action sought a determination as to the illegality of the power under the trust to accumulate income for the primary income beneficiary. The court held that this question was subsumed under the general determination declaring the entire trust valid. In *Williamsburgh Sav. Bank* v. *Town of Solon* (136 N. Y. 465) a town sought in an equity action to invalidate certain municipal bonds which it had issued and sold. It was defeated in such action and subsequently sought to defend a suit brought by the holder of some of the bonds for matured interest coupons. The town sought to raise the question of the invalidity of the bonds which had already been determined in the prior action. When met with the assertion that they had been litigated in the prior action, the town contended that the precise point of defense had not been raised by it. The court disposed of this objection (pp. 474–475) : '' It was there stated in the exact and identical words contained in the present answer. Under that pleading the town was bound to present all its objections to the jurisdiction which it challenged. It could not pick out one for that trial and save five more for as many separate trials over the jurisdiction, for the estoppel of the resultant judgment covers not only what was but which might have been decided under the issue raised ''.

A case very close to the instant litigation is *Pagano* v. *Arnstein* (292 N. Y. 326). There an 1898 mortgage was foreclosed by one Scott in 1942. Scott obtained a sheriff's deed upon the foreclosure and transferred by warranty deed to Pagano. In the foreclosure sale, the New York City Welfare Commissioner was cited as having a subordinate mortgage interest and the commissioner did not appear. Subsequent to the transfer from Scott to Pagano, the Welfare Commissioner, Arnstein, commenced an action to foreclose its mortgage interest in the premises which were the subject of the Scott foreclosure proceedings. A judgment was obtained in that action establishing the priority of Arnstein's mortgage over Pagano's interest acquired by deed from Scott. Pagano then commenced an independent action requesting that the Scott mortgage be revived, that he be subrogated to the rights of Scott and that the mortgage be re-foreclosed and Arnstein's interest declared subordinate. The court held that the causes of action in the two proceedings between

Pagano and Arnstein were identical dealing solely with the issue of the priority of their respective interests in the real property and whether Pagano's interest was subordinate to the mortgage lien of the Commissioner of Welfare Arnstein. Since such determination had been made in a previous action, it could not be collaterally attacked. Estoppel applied notwithstanding the different relief requested in Pagano's subsequent proceeding from that involved by way of the defense to Arnstein's previous foreclosure action.

Just as in *Pagano* (*supra*), the question determined in the prior foreclosure action brought by the trustees against Lincoln Rochester among others was priority of liens. The complaint in the foreclosure action alleged that Lincoln Rochester's interest was subordinate to the trustees' mortgage. The issue on the foreclosure and summary judgment motion with respect to the trustees and Lincoln Rochester was whether the subordination agreements were valid. On the motion for summary judgment the moving parties had an obligation to produce all the evidence within their ken, as upon a trial (*Five Boro Elec. Contrs. Assn.* v. *City of New York,* 37 A D 2d 807, affd. 33 N Y 2d 676). Having moved for summary judgment, asserting that no question of fact existed, plaintiffs cannot now assert in a separate and subsequent action between the same parties and upon the same issue that there are additional reasons for the invalidity of the subordination and postponement of mortgage agreements. Contrary to the doctrine of *res judicata,* they seek to relitigate the same cause of action between the same parties and upon the identical question of the priority of their lien with respect to the mortgage of Lincoln Rochester.

The rights and duties established in the prior judgment would be destroyed should plaintiff prevail as it did in the trial court in this proceeding (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, *supra*). *Pagano* v. *Arnstein* (292 N. Y. 326, *supra*) cannot be distinguished from the instant one and its rationale precludes the trustees' attempt to relitigate the validity of the subordination agreements in a subsequent and collateral action. Judgment in favor of plaintiffs should be reversed and the complaint dismissed.

CARDAMONE, SIMONS, GOLDMAN and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law with cost and complaint dismissed.