OPINION OF THE COURT
Peter M. Wendt, J.
*293 Petitioner commenced the instant nonpayment summary proceeding on or about June 14, 2004. Respondent interposed an answer with one affirmative defense and a counterclaim for legal fees.
Petitioner moves for an order pursuant to CPLR 3212 granting partial summary judgment dismissing respondent’s first affirmative defense. Petitioner argues that the respondent’s affirmative defense that “the petitioner has demanded a rent to which it is not entitled” is meritless in that in prior leases petitioner charged respondent a preferential rent and that petitioner exercised its option to raise the rent to the legal rent when the last fully executed lease expired on January 1, 2004.
Respondent cross-moves for an order pursuant to CPLR 3212 granting summary judgment in favor of respondent dismissing the petition on the basis that petitioner has not established that the rent demanded in the petition is a legal rent.
Pursuant to CPLR 3212, a grant of summary judgment is permissible in cases where there is clearly no material and triable issue of fact presented. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]; Di Menna & Sons v City of New York, 301 NY 118 [1950].) Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978].)
To obtain summary judgment, the moving party must make a prima facie showing to the court that as a matter of law it is entitled to judgment in its favor. (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; CPLR 3212 [b].) Once the moving party has done so, to defeat a motion for summary judgment, the burden shifts to the opposing party who now must show sufficient facts to require a trial on any issue. (Di Sabato v Soffes, 9 AD2d 297 [1st Dept 1959].) Both parties must lay bare their evidentiary proof in admissible form. (Friends of Animals v Associated Fur Mfrs., supra; Zuckerman v City of New York, 49 NY2d 557 [1980].)
The role of the motion court is merely one of issue finding, not issue determination. (Rose v Da Ecib USA, 259 AD2d 258 [1st Dept 1999]; Pirrelli v Long Is. R.R., 226 AD2d 166 [1st Dept 1996].) The court must view the evidence in a light most favorable to the opposing party and draw all reasonable inferences in the opposing party’s favor. (Assaf v Ropog Cab Corp., 153 AD2d 520 [1st Dept 1989].) However, mere conclusory allegations regarding the existence of questions of fact are insuf *294 ficient to defeat a motion for summary judgment. (Dillenberger v 74 Fifth Ave. Owners Corp., 155 AD2d 327 [1st Dept 1989].)
Petitioner contends that it is entitled to charge the rent demanded in the petition, that the renewal lease commencing on January 1, 2002 charged a preferential rent of $701.91 and recited the legal regulated rent which could have been charged for the subject rent-stabilized apartment under the January 1, 2002 lease of $1,102.54. Petitioner further asserts that the January 1, 2002 lease contained a preferential lease rider. Petitioner alleges that when the January 1, 2002 lease expired petitioner exercised its option to charge the legal regulated rent and offered respondent a renewal lease at the legal regulated rent but respondent failed to execute the renewal lease offer. Petitioner then informed respondent in a letter dated December 17, 2003 that it was exercising its option to charge the higher legal regulated rent of $1,221.28 for a one-year lease or $1,256.34 for a two-year lease. (Exhibit E, petitioner’s motion.) Petitioner alleges that it then deemed a lease renewal and began charging the respondent the legal regulated rent but respondent refused to pay the rent increase.
Respondent cross-moves for summary judgment dismissing the petition. Respondent argues that the petitioner was not entitled to raise the rent from a “preferential rent” to “full legal regulated rent” in the most recent lease renewal, that under the Rent Stabilization Law and Code, in order for the landlord to raise the rent from the preferential rent to the full legal regulated rent in a renewal lease, the preferential rent and the higher legal rent must have been specifically provided for in the prior lease agreements and renewals during the period back to the base date four years before the lease renewal.
Respondent alleges that he was initially charged a rent of $600 when he first moved in in 1994, that with the exception of the first 1994 lease all the renewal leases prior to January 1, 2002 charged a rent based on the initial $600 rent plus applicable rent stabilization guideline increases and that none of them contain a higher “legal regulated rent” nor do any of the leases contain a preferential rent rider. Respondent contends that petitioner’s unilateral inclusion of a rider in the 2002 renewal purporting to alter the prior rent is ineffective, that the landlord cannot change the terms and conditions of his lease, and respondent cannot waive any benefit under the Rent Stabilization Law.
The documents submitted by the parties include a copy of an initial lease commencing February 1, 1994 at a monthly rent of *295 $932.80 (respondent’s cross motion, exhibit A) and a “preferential rent rider” to the February 1, 1994 lease which stated that the legal rent is $932.80 and the preferential rate is $600 per month. (Exhibit A to Osman Bessa affidavit sworn to Nov. 11, 2004.) Also submitted was a renewal lease commencing January 30, 1996 at a monthly rent of $618, which did not state that this was a preferential rent, did not recite a higher legal regulated rent, and did not have a preferential rent rider attached (exhibit B to respondent’s cross motion); an executed lease renewal form for a two-year term commencing January 1, 1999 which lists “legal rent on the preceding September 30” at $624.24 and which contains a new rent of $655.45 and which does not state that this is a preferential rent or that there is a higher legal regulated rent and does not contain a preferential rent rider (exhibit C, respondent’s cross motion); and an executed lease renewal form commencing January 1, 2002 which recites both a legal rent of $1,168.69 for a two-year lease and a “lower rent to be charged” of $701.91, and which contains an attached preferential rent rider. (Exhibit C to petitioner’s motion papers.)
Respondent alleges that although he rented the apartment in 1994 at a rent of $600 per month, the 1994 lease stated that the monthly rent was $932.80, that he questioned the landlord about this and the landlord told him that the lease was just a formality and what counted was the rent that was actually paid. Respondent alleges that when the 1994 lease expired he requested that the new lease contain the actual rent, and the landlord agreed, and the lease commencing January 30, 1996 contained a monthly rent of $618. Respondent alleges that when the 1996 lease expired he signed a renewal lease which similarly did not differentiate between a higher legal rent and preferential rent; however, he cannot locate a copy of this lease. He states that the succeeding January 1, 1999 lease renewal form listed a monthly rent of $655.45 and similarly did not recite a higher legal regulated rent and a preferential rent. Respondent states that none of these leases had preferential rent riders attached to them.
Petitioner points out that the original 1994 lease had a preferential rent rider. (Exhibit A of Nov. 1, 2004 Bessa affidavit). The Bessa affidavit also states: “I am advised that on information and belief, each and every subsequent renewal had this rider.” However, petitioner failed to produce preferential rent riders or any documentation that the leases executed from 1996 to 2001 established a higher legal regulated rent.
*296 A preferential rent is a rent which a landlord agrees to charge which is lower than the legal regulated rent the landlord could otherwise lawfully collect under the Rent Stabilization Law. Prior to June 20, 2003 where a landlord was charging a preferential rent the landlord could not raise the rent to the full legal regulated rent in lease renewals for that tenant but would have to wait until a vacancy and a new tenant to collect the full legal regulated rent.*
In 2003 the Rent Stabilization Law was amended to provide that an owner could raise the preferential rent to the “previously established legal regulated rent” on lease renewal with the same tenant. The amendment, Rent Stabilization Law (Administrative Code of City of NY) § 26-511 (c) (14), provides in pertinent part:
“[WJhere the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation, the amount of rent for such housing accommodation which may be charged upon renewal or upon vacancy thereof may, at the option of the owner, be based upon such previously established legal regulated rent, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law.”
In order for an owner to raise the rent from a preferential rent to a legal regulated rent on lease renewal, the higher rent which the landlord is seeking must in fact be a legal regulated rent. Division of Housing and Community Renewal (DHCR) Fact Sheet No. 40 provides in pertinent part:
“Chapter 82 does impose a condition on an owner’s right to terminate a preferential rent. Both the legal regulated rent and the preferential rent must have been established, that is, specifically provided for in the lease agreement/lease renewals, subject to DH-CR’s review (i.e. within four years from time a complaint is filed with DHCR). Registration with DHCR of the preferential rent by itself will not result in establishing the higher legal regulated rent for future usage.”
*297 As the agency charged with administering the Rent Stabilization Law and Code, the DHCR’s interpretation of the regulations and statute under which it functions is entitled to deference. (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229 [1st Dept 1983], affd 61 NY2d 976 [1984]; Matter of Ansonia Assoc. v State Div. of Hous. & Community Renewal, 160 AD2d 210 [1st Dept 1990].)
Under the Rent Stabilization Law and Code the legal regulated rent is the rent charged four years prior to the filing of an overcharge complaint or action or interposition of an answer. (78/79 York Assoc. v Rand, 180 Misc 2d 316 [App Term 1999]; CPLR 213-a; Rent Stabilization Code [9 NYCRR] § 2520.6 [e], [f] [1].) Thus the legal regulated rent must be based on the documented legal rent on the base date four years before respondent’s answer was interposed in September 2004. Here respondent documented the legal rent charged on the base date consisting of the lease in effect for the period January 1, 1999 to January 1, 2001 (respondent’s cross motion, exhibit C) which charged a rent of $655.45. It is noted that the lease commencing January 1, 1999 specifically listed the “legal rent for the preceding September 30” as $624.24 and the new rent at $655.45. The lease commencing January 1, 1999 did not state that the rent contained therein was a preferential rent, nor did it reserve a higher legal rent, nor did it contain a preferential rent rider.
Although petitioner alleges that on information and belief all the lease renewals had preferential rent riders, it does not provide such alleged riders. Moreover, the respondent alleges that none of the renewal leases had preferential rent riders. It is petitioner’s burden to provide preferential rent lease riders or other documentation establishing the legal regulated rent on the base date. On motion for summary judgment the moving party has an obligation to produce all the evidence within its ken, as upon a trial. (Five Boro Elec. Contrs. Assn. v City of New York, 37 AD2d 807 [1st Dept 1971], affd 33 NY2d 676 [1973]; Dye v Lincoln First Bank of Rochester, 46 AD2d 172, 176 [4th Dept 1974].) It is the landlord’s responsibility to provide rent history documentation to establish that the rent charged is the legal regulated rent. (Matter of 4947 Assoc. v New York State Div. of Hous. & Community Renewal, 199 AD2d 179 [1st Dept 1993].)
The fact that the subsequent lease commencing January 1, 2002 recited both a preferential rent and a higher legal regulated rent and contained a preferential rent rider does not *298 entitle the landlord to raise the rent to the alleged legal rent recited in the 2002 renewal lease. Of course, the tenant is entitled to a lease renewal under the same terms and conditions as the prior lease. The landlord failed to establish that the alleged legal regulated rent set forth in the lease commencing January 1, 2002 was in fact the legal regulated rent: it did not show that this rent was based on a lawful documented rent within the four-year rent history period, i.e., that it is based on a legal base date rent four years prior to the new lease.
This court is precluded from examining the original 1994 lease which falls outside the four-year rent history period. Under the four-year rule the court may not consider documentation of rents prior to the four-year base date in determining the legal regulated rent. (CPLR 213-a.) Thus the court may not consider the original 1994 lease or the preferential rider contained therein. The lawful rent is properly based on the documented base date rent four years before the overcharge claim is raised. (Matter of AVJ Realty Corp. v New York State Div. of Hous. & Community Renewal, 8 AD3d 14 [1st Dept 2004].)
Petitioner has failed to show that the rent set forth in its demand notice or in the petition is a legal regulated rent. A valid personal demand or a proper three-day notice is a prerequisite to the commencement of a nonpayment summary proceeding. (1766-68 Assoc. v Perrier, NYLJ, Nov. 21, 1990, at 21, col 2 [App Term, 1st Dept].) The demand must inform the tenant of the approximate good faith sum of rent owed. (Western Hotels Co. v Ramsay, NYLJ, Dec. 20, 1979, at 10, col 4 [App Term, 1st Dept].) Petitioner has not established that the rent in the demand is a lawful rent. However, the respondent has established that petitioner failed to make a demand for the lawful rent. Accordingly, the petitioner’s motion for summary judgment is denied, respondent’s cross motion for summary judgment is granted and the proceeding is dismissed.

 This rule was somewhat modified in Matter of Missionary Sisters of Sacred Heart v New York State Div. of Hous. & Community Renewal (283 AD2d 284 [1st Dept 2001]), which held that where a lease specifically provides that the preferential rent may be raised to the full legal regulated rent on lease renewal, the preferential rent may be raised to the legal regulated rent accordingly.