■ In the Matter of ROSOLINO MANGANO, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [817 NYS2d 262]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered July 1, 2005, which remanded for recalculation of treble damages but otherwise denied the petition to annul respondent's determination finding a rent overcharge and imposing treble damages, unanimously affirmed, without costs.

Petitioner landlord had the burden of proving the rent as of the base date (*see Auto Park, Inc. v Bugdaycay*, 7 Misc 3d 292, 297 [2004]). Respondent had discretion to disregard the affidavit of the tenant who allegedly resided in the apartment as of the base date, which affidavit was obtained for the specific purpose of this litigation (*see Matter of East 55th St. Joint Venture v Division of Hous. & Community Renewal*, 162 AD2d

305 [1990], *lv denied* 77 NY2d 802 [1991]). "Inadequacies and inconsistencies in the [other] documentation presented by petitioner . . . justified [respondent's] determination" of an overcharge (*Matter of Argo Corp. v New York State Div. of Hous. & Community Renewal*, 257 AD2d 455 [1999]).

To calculate the overcharge, respondent properly used "the lowest rent charged for a rent-stabilized apartment with the same number of rooms in the same building on the relevant base date," instead of the rent paid by a tenant for the subject apartment more than four years before the base date (*see Thornton v Baron*, 5 NY3d 175, 180 n 1 [2005]), even if the tenant bringing the rent overcharge complaint used the latter method (*see Matter of 61 Jane St. Assoc. v New York City Conciliation & Appeals Bd.*, 65 NY2d 898 [1985]).

In order to avoid treble damages, petitioner had to prove that the overcharge was not willful (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]; Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [1]). Respondent's determination that petitioner failed to meet this burden is rational, since petitioner failed to produce credible evidence of improvements that would justify a rent increase (*see Matter of Sohn v New York State Div. of Hous. & Community Renewal*, 258 AD2d 384 [1999]).

As the court found, and as respondent concedes, treble damages are available only for the two years preceding the filing of the complaint (*see* Rent Stabilization Law § 26-516 [a] [2] [i]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.