Rodriguez v Kalata (2019 NY Slip Op 04894)





Rodriguez v Kalata


2019 NY Slip Op 04894


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Gische, J.P., Webber, Kahn, Kern, JJ.


9666 100718/16

[*1]Evelyn Rodriguez, Plaintiff-Respondent,
v
Joseph Kalata, et al., Defendants-Appellants.


Michael J. Good, Brooklyn, for appellants.
Michael Stepper, New York, for respondent.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered June 4, 2018, to the extent appealed from as limited by the briefs, awarding plaintiff treble damages upon a finding of fraud in connection with rent overcharges, unanimously modified, on the law, to vacate the award of treble damages and to remand the matter for recalculation of treble damages based solely on overcharges in the two years preceding the filing of the overcharge claim, and otherwise affirmed, without costs.
In administrative proceedings before the Division of Housing and Community Renewal (DHCR), defendants disputed the legal rent for the apartment in filed registrations back to 2002, and DHCR properly reviewed those registrations to determine the legal regulated rent. DHCR's findings are entitled to preclusive effect (see Gersten v 57 7th Ave. LLC, 88 AD3d 189, 201-202 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]). DHCR's determinations and the documentary evidence also support a finding of fraudulent intent, and defendants' bare assertion of good faith is insufficient to raise an issue of fact. However, the treble damages award should have been limited to the overcharges for the two years preceding the filing of the overcharge complaint (Rent Stabilization Code [9 NYCRR] § 2526.1[a][2][i]; Matter of Mangano v New York State Div of Hous. & Community Renewal, 30 AD3d 267, 268 [1st Dept 2006]).
Grounds for holding defendant Kalata liable were established by evidence that defendant 424 East Assets Inc. was inactive as a corporation during the relevant years (see generally Elkaim v Elkaim, 176 AD2d 119 [1st Dept 1991], appeal and lv dismissed 78 NY2d 1072 [1991]), and Kalata signed the initial lease with plaintiff in his personal capacity.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK